

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

DARREN TROTTER
*Assistant Corporation Counsel*
Phone: (212) 356-1662
Fax: (212) 356-1019
dtrotter@law.nyc.gov

February 20, 2019

**VIA ECF**
Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>William R. Nolan v. City of New York et al.</u>, 19-CV-00187 (ILG)(SLT)

Your Honor:

    I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action. I write to respectfully request that the Court stay the instant matter in its entirety pending (1) the resolution of an ongoing New York City Police Department Internal Affairs Bureau ("IAB") investigation into the events that led to the suspension of plaintiff's handgun licenses and (2) pending the resolution of the criminal prosecution of plaintiff that has significant factual overlap with the New York City Police Department License Division's ("License Division") determination suspending plaintiff's handgun licenses which is a central issue in this action. This is the first such request for a stay of this action. On February 11, 2019, February 12, 2019, February 13, 2019, and February 20, 2019, I contacted plaintiff's counsel to determine whether plaintiff would consent to the City's application. Plaintiff's counsel advised me that he would need to confer with his client regarding the City's request. To date, the City has not received a response as to whether plaintiff consents to the instant application.

    By way of background, plaintiff alleges, *inter alia*, that the License Division violated plaintiff's First, Second, and Fourth Amendment rights when it suspended plaintiff's handgun licenses and subsequently seized plaintiff's firearms during the execution of a search warrant at his residence on December 20, 2018. Following execution of the search warrant, plaintiff was arrested and charged with Criminal Possession of a Weapon in the Second, Third and Fourth Degree, Resisting Arrest, and Obstruction of Governmental Administration. Upon information and belief, plaintiff's criminal case for charges stemming from his December 20, 2018 arrest, which is inextricably intertwined with the claims alleged in this action, is currently pending in the New York Supreme Court, Richmond County, under Docket No. 00623-2018.

This Office has also learned that there is an ongoing IAB investigation into the events that led to the License Division's determination to suspend plaintiff's handgun licenses.

There are several reasons why this action should be stayed pending the outcome of the IAB investigation. As an initial matter, the undersigned is unable to make a decision as to the representation of the individually name defendants until IAB concludes its investigation and renders a disposition. Under New York General Municipal Law ("GML") § 50-k, prior to rendering a representation determination, this Office must first determine whether the individual employee was acting within the scope of his employment and not in violation of any rule or regulation at the time of the alleged incident. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) ("The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if disciplinary proceedings resulted in the exoneration of the employee.") (citing N.Y. Gen. Mun. Law § 50-k(2)). Until IAB concludes its investigation and renders its findings, the undersigned is unable to determine whether any of the individually named defendants satisfy the requirements of GML § 50-k.

Moreover, the pendency of the investigation hinders the City's ability to investigate plaintiff's allegations and mount a defense as the individual defendants have vital information concerning the circumstances that led to suspension of plaintiff's handgun licenses, which the City cannot obtain while the individually named defendants are under investigation. This limitation exists, in part, because of the potential that a conflict of interest may arise between the individual defendants and the City. See Mercurio, 758 F.2d at 864. In the event that any charges are brought against the individual defendants or any other officer with knowledge of the facts underlying this action, any testimony provided by the defendants in the instant civil case could potentially impact a criminal or departmental trial. See Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (allowing a civil action to go forward could "undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case"). Accordingly, defendant City can neither adequately evaluate the case nor mount a defense in this action and a stay of this action pending IAB's completion of its investigation is appropriate.

This action should also be stayed pending resolution of plaintiff's criminal prosecution stemming from his December 20, 2018 arrest. It is well-settled that a stay of a federal civil action pending the outcome of parallel state court criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel issues. "[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until the criminal case or the likelihood of a criminal case . . . is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007); see also United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) ("[F]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . . ."); Estes-El v. Long Island Jewish Medical Center, No. 95 Civ. 1047 (LAK) (AJP), 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."). Moreover, "[a] stay of civil proceedings

is most likely to be granted where the civil and criminal actions involve the same subject matter" as a criminal defendant's Fifth Amendment rights are at risk of being undermined. <u>Johnson</u>, 2003 U.S. Dist. LEXIS 12111, at *4.

In the instant matter, while plaintiff does not challenge the December 20, 2018 arrest itself, there is significant overlap between the facts relied upon by the License Division in suspending plaintiff's handgun licenses and the facts that ultimately led to the execution of a search warrant at plaintiff's residence and his arrest. As such, plaintiff's criminal prosecution and the instant proceeding involve the same nucleus of facts and a stay of this proceeding would be appropriate. Moreover, disposition of plaintiff's criminal charges may be of use in assessing the viability of some of plaintiff's claims. Significantly, plaintiff's claim sounding in unreasonable search and seizure is predicated on the confiscation of his firearms during the execution of a search warrant at his home. The outcome of plaintiff's criminal prosecution is therefore relevant to the propriety of that seizure.

Accordingly, for the reasons stated above, the City respectfully requests a stay of this action pending resolution of the IAB investigation and plaintiff's criminal charges that relate to the underlying circumstances in this action. Should the Court be inclined to grant the within request, the undersigned is prepared to file a status letter at the convenience of the Court regarding the progress of the IAB investigation and plaintiff's criminal prosecution.

Thank you for your consideration of this request.

                 Respectfully submitted,

                 /s/

                 Darren Trotter
                 Assistant Corporation Counsel

cc:  Borrelli & Associates, P.L.L.C.
    Attorneys for Plaintiff
    910 Franklin Avenue, Suite 200
    Garden City, NY 11530
    (via ECF)