

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DARREN TROTTER
*Assistant Corporation Counsel*
Phone: (212) 356-1662
Fax: (212) 356-1019
dtrotter@law.nyc.gov

July 5, 2019

**VIA ECF**
Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     William R. Nolan v. City of New York et al., 19-CV-00187 (ILG)(SLT)

Dear Judge Tiscione:

      I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant City of New York ("City") in the above-referenced action. Pursuant to Section 3(A) of your Honor's Individual Practice Rules, I write in opposition to plaintiff's June 27, 2019 application for a partial lifting of the stay of proceedings to permit *in camera* review of New York City Police Department ("NYPD") Internal Affairs Bureau ("IAB") files, litigation of certain claims, and service of subpoenas on non-parties. (Dkt. 17).

      By way of background, plaintiff alleges, *inter alia*, that the City violated plaintiff's First, Second, and Fourth Amendment rights when it suspended plaintiff's handgun licenses and subsequently seized some of plaintiff's firearms during execution of a search warrant at his residence on December 20, 2018. On March 8, 2019, this proceeding was stayed in its entirety pending resolution of an IAB investigation into the events leading to suspension of plaintiff's handgun license and plaintiff's criminal prosecution. (Dkt. 15).

**Plaintiff is Not Entitled to *In Camera* Review of IAB Records**

      Plaintiff's request that this Court order the City to produce files relating to an ongoing IAB investigation into the events leading to plaintiff's license suspension in order to justify continuation of the stay should be denied. As an initial matter, the stay of proceedings currently in effect is predicated upon both the parallel criminal prosecution of plaintiff as well as the pending IAB investigation. As such, plaintiff's claim that the IAB investigation represents little

more than a "stall tactic" is misplaced as a continuation of the stay would be appropriate irrespective of the pendency of the IAB investigation. (Dkt. 11 at 2-3).

Furthermore, plaintiff's reliance on Floyd v. The City of New York, 739 F. Supp. 2d 376 (S.D.N.Y. 2010) as a basis for claiming entitlement to *in camera* review of IAB files is misplaced. In Floyd, the Court assessed the propriety of disclosing IAB files in order to establish the existence of an NYPD quota system. Id. at 378-379. In assessing plaintiff's entitlement to disclosure of the sought after files despite the City's invocation of the law enforcement privilege[1], the Court emphasized the difficulty plaintiffs encountered "proving their quota theory, notwithstanding broad discovery." Id at 378. Moreover, during discovery, plaintiffs learned that NYPD police officers from three precincts separately maintained that the NYPD utilized a quota system, which would necessarily have been investigated by IAB. In finding that plaintiffs overcame the law enforcement privilege, the Court emphasized the fact that "information contained in the IAB files [was] not available through other discovery or from other sources, and plaintiffs have a compelling need for the information" as well as the questions of "broad public concern" implicated by the claims asserted. Id at 384.

There is simply no parallel that can be drawn between the instant application and the circumstances present in Floyd. First, plaintiff does not seek *in camera* review of these files because they are integral to proving plaintiff's claims. (Dkt. 17 at 3). Rather, plaintiff seeks to review these files based on wholly unsupported assertions that the undersigned, an officer of the Court, is misleading this Court as to the existence of an IAB investigation. Second, plaintiff's claimed need for these files to justify a challenge to the continuation of a stay does not implicate the unique concerns present in Floyd, nor does it meet the high bar set therein for overcoming the law enforcement privilege. See generally Floyd, 739 F. Supp. 2d 376. Third, the primary basis for seeking a stay of proceedings pending resolution of an IAB investigation is to permit this Office to make a determination as to representation of the individually named defendants and mount a defense once plaintiff's criminal prosecution and the IAB investigation have concluded, a concern that was not present in Floyd. (Dkt. 11 at 2).[2]

---

[1] The law enforcement privilege prevents disclosure of a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y.) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted)). Thus, any documents pertaining to an active investigation are presumptively protected from disclosure by the law enforcement privilege. Additionally, these records are presumptively protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted).

[2] To the extent this Court finds that additional proof of an ongoing investigation is required to assess the propriety of continuing the stay of proceedings, the City is prepared to submit a sworn declaration from an individual at the NYPD with knowledge of the investigation, which would be more than sufficient to allay concerns about the existence of an IAB investigation, which plaintiff himself is responsible for initiating. See generally, Complaint.

**There has Been No Substantive Change in the Status of Plaintiff's Criminal Prosecution**

Plaintiff invokes Avitabile v. Beach, 368 F. Supp. 3d 404 (N.D.N.Y. 2019), which deals with the constitutionality of bans on stun guns, to claim a substantive change in the status of plaintiff's criminal prosecution. Plaintiff is incorrect. While it is true a stun gun was recovered from plaintiff's home, that stun gun was not the sole basis for his arrest and prosecution. On March 14, 2018, plaintiff's handgun license was suspended. Thereafter, plaintiff was required to immediately voucher all firearms with the NYPD, but did not do so. Upon execution of the search warrant, two shotguns, shotgun cartridges, and four thirty round capacity magazines were recovered from plaintiff's home. Even if plaintiff is successful in having the stun gun charge withdrawn, his prosecution would presumably continue. In any event, this Office does not have any involvement in plaintiff's criminal prosecution and plaintiff's arguments for withdrawal of this charge should be raised and addressed in Richmond County Criminal Court.

**The Action Should Remain Stayed in its Entirety**

In the interest of judicial economy, the current stay of proceedings should not be lifted to permit litigation of plaintiff's claims pursuant to the Second Amendment of the United States Constitution. Plaintiff asserts three claims alleging violations of the Second Amendment. Plaintiff's second and third claims are as-applied challenges to 38 RCNY § 5-30(d) while plaintiff's fourth claim asserts that this provision is unconstitutionally vague. See Complaint at 22-28. A partial lifting of the stay would require addressing plaintiff's Second Amendment claims piecemeal. In the interest of judicial economy, this proceeding should remain stayed until the action can proceed in its entirety.

Finally, plaintiff makes a series of baseless allegations to justify a lifting of the stay to serve far reaching subpoenas on non-party financial institutions. Despite acknowledging that there are various readily accessible internet news articles that speak of plaintiff's arrest as well as Santander Bank's May 30, 2019 letter specifically referring to a *New York Post* article as justification for closing plaintiff's account, plaintiff maintains that the NYPD is engaged in a coordinated effort to deprive plaintiff of access to financial institutions and credit card services. (Dkt. 17 at 2). Such speculative claims should not serve as a basis for the authorization plaintiff seeks and the stay of proceedings should remain in place.

                                                 Respectfully submitted,

                                                 /s/

                                                 Darren Trotter
                                                 Assistant Corporation Counsel

cc:      All Counsel (via ECF)