# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue<br>Suite 1821<br>New York, NY 10017<br>Tel. No. 212.679.5000<br>Fax No. 212.679.5005 | 910 Franklin Avenue<br>Suite 200<br>Garden City, NY 11530<br>Tel. No. 516.248.5550<br>Fax No. 516.248.6027 |

September 16, 2019

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Nolan v. City of New York et al.*, Case No. 19-cv-00187-ILG-ST

Dear Judge Tiscione:

    As the Court knows, this office represents Plaintiff, William R. Nolan, in the above-referenced action brought against Defendants, the City of New York ("City"), Joseph Reznick, individually, Raymond Spinella, individually, Lawrence Byrne, individually, Michael Barreto, individually, and Asif Iqbal, individually, (collectively, "Defendants"), for violations of Plaintiff's First, Second, and Fourth Amendment rights under the Constitution of the United States, via-a-vis the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983. For the reasons that follow, we write in opposition to Defendants' letter filed August 30, 2019 seeking to extend the stay in place in this case, and cross-move to again request that the Court partially lift, in whole or in part, the stay to allow Plaintiff to serve several non-party subpoenas and to request that the Court require counsel for Defendant City to submit another status report by September 30, 2019, supplementing its proof regarding the existence and status of the alleged IAB investigation into the individual defendants.

    As the Court knows, on February 20, 2019, Defendants moved to stay this case and relied on Plaintiff's pending criminal case and an alleged IAB investigation into the individual Defendants as the support for their motion. ECF 11. On February 25, 2019, Plaintiff opposed Defendants' motion and Your Honor held a hearing on March 8, 2019, at which you granted Defendants' motion to stay this case over Plaintiff's objection. ECF 14, 15. On May 8, 2019, Defendants filed a status update with the Court and requested that the stay remain in effect pending the resolution of both the criminal matter and IAB investigation and on May 10, 2019, by Minute Order, Your Honor granted Defendants' request and further Ordered Defendants to submit another

status report by July 26, 2019.  On June 27, 2019, Plaintiff filed a letter motion requesting that the Court partially lift the stay to allow Plaintiff to serve several non-party subpoenas on certain financial institutions that had either recently closed his accounts or denied him credit, which Plaintiff believes is because of actions by the NYPD against him in retaliation for bringing this lawsuit.  Plaintiff's motion also requested that the Court require counsel for Defendant City to provide proof *in camera* to the Court regarding the existence of the alleged IAB investigation with its next status report.  On July 22, 2019, the Court held a hearing on Plaintiff's motion and denied Plaintiff's request to lift the stay to serve non-party subpoenas, but directed the "Defendants to refrain from contacting any of Plaintiff's financial institutions except for legitimate law enforcement purposes." ECF 22.  In addition, the Court ordered Defendants to provide a status update by August 30, 2019, with an affidavit "from someone with personal knowledge regarding the existence of an open IAB investigation into the defendant officers and, if possible, an estimate as to when the investigation is expected to conclude." *Id*.  On August 30, 2019, Defendants filed their status update that included a two-page affidavit from Manuel Chang, in which he cited an IAB investigation 2018 file number pertaining to Plaintiff and stated that "[a]t this time, [he] cannot anticipate a completion date for this investigation."

Plaintiff now renews his request for a partial lifting of the stay, and authorization to serve non-party subpoenas, because, since the Court's hearing on July 22, 2019, at which the Court prohibited Defendants from contacting Plaintiff's financial institutions for purposes other than legitimate law purposes, Plaintiff has been denied yet another credit card - - this time a Costco Anywhere Visa Card by Citibank.  As with the other incidents previously described in Plaintiff's June 27, 2019 letter, *see* ECF 17, Plaintiff reasonably believes, based upon his twenty years of experience in the NYPD and the IAB, *see* Complaint ¶¶ 2 and 25, that someone at the NYPD contacted the security personnel at Citibank in order to thwart his access to obtaining this credit card in violation of the Court's order.  Plaintiff therefore requests that the Court authorize the issuance of subpoenas on Citibank and the other financial institutions in his June 27, 2019 letter, in order to compel them to provide documentation related to their decisions to deny Plaintiff credit cards or - - in some cases - - close his accounts.  Given the impact that these actions are having on Plaintiff, Plaintiff cannot wait indefinitely until the stay is lifted for the opportunity to address these issues.  At a minimum, Plaintiff should be permitted to serve these subpoenas on these entities to preserve any evidence of retaliation for discovery once the stay has been lifted.

Additionally, the affidavit that was submitted with Defendants' August 30, 2019 letter was woefully inadequate.  Indeed, Mr. Chang's affidavit only indicates that there is an open investigation into Plaintiff - - not the individual Defendants in this matter as Defendants have repeatedly represented *see* ECF 11, 16 - - and gives absolutely no indication when that investigation will conclude or even what it is about despite it appearing to have been allegedly opened in 2018. Moreover, Mr. Chang's affidavit does not even attempt to explain why he cannot anticipate when the alleged investigation will conclude or indicate when he may be able to ascertain such information.  Again, based upon Mr. Nolan's extensive experience working in the

2

NYPD, and IAB specifically, his position is that this is a stall tactic designed to prevent him from pursuing his civil claims, which he remains fully committed to pursuing despite the pending criminal case against him.  As Plaintiff previously stated in his February 25, 2019 letter to the Court opposing the City's motion for a stay, allowing the Defendants to indefinitely delay Plaintiff's civil action based, in part, on the assertion that IAB must first conclude its investigations into the individual defendants, one of whom, Joseph Reznick, is the Deputy Commissioner of IAB, is ripe for abuse and a clear conflict of interest.  As such, for the reasons previously explained in Plaintiff's June 27, 2019 letter, Plaintiff believes the Court should order an *in camera* review of the IAB investigation to verify that the investigation is ongoing, active, and actually involves the individual Defendants named in Plaintiff's lawsuit. *See* ECF 17 at 3 (citing *Floyd v. The City of New York*, 739 F. Supp. 2d 376, 380 (S.D.N.Y. 2010)). Thus, Plaintiff respectfully requests that the Court order counsel for the City to submit another status report in fourteen days and with it sufficient proof that the alleged IAB investigation has in fact been opened, and that the IAB is actively pursuing investigations into the individual defendants as asserted as part of the City's basis for seeking and maintaining the stay in this matter.

   We thank the Court for its time and attention to this matter.

Respectfully Submitted,

_____
Caitlin Duffy, Esq.
*For the Firm*

To: All counsel of record (*via ECF*)