# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

March 9, 2020

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Nolan v. City of New York et al.*, Case No. 19-cv-00187-ILG-ST

Dear Judge Tiscione:

    This office represents Plaintiff, William R. Nolan, in the above-referenced action brought against Defendants, the City of New York and various individuals, for violations of Plaintiff's First, Second, and Fourth Amendment rights under the Constitution of the United States, via-a-vis the Fourteenth Amendment and 42 U.S.C. § 1983. Pursuant to the Court's Minute Order dated February 10, 2020, we write now - - with opposing counsel's consent - - to update the Court on the status of proceedings.

    Since the Parties' last status report dated February 9, 2020 (ECF 27), Plaintiff's criminal prosecution stemming from his arrest on December 20, 2018 and the recent January 14, 2020 arrest, remains ongoing. On March 3, 2020, Plaintiff filed his pre-trial omnibus motion in the criminal proceedings, which has a return date of March 30, 2020. *See People v. Nolan*, Ind. Nos. 00623/2018, 00225C/2020 (Crim. Ct., Richmond Cty). As the Court also knows, in accordance with the Court's order partially lifting the stay, Plaintiff served subpoenas on Citibank and Santander, and Citibank has served Plaintiff with its objections and production, but Plaintiff is still awaiting a response from Santander. As such, since our last correspondence, we have made contact with Santander Bank's subpoena compliance department and have been informed that the bank's legal department has taken over the handling of Plaintiff's subpoena, and we are currently awaiting a response from Santander's legal department concerning the status of the bank's response to Plaintiff's subpoena. We will ultimately move to compel if necessary.

      Additionally, since our last correspondence, Plaintiff has attempted to re-register his motor vehicle with custom plates that indicate his membership in the Fraternal Order of Police Organization ("FOP"), but was informed by the New York State Department of Motor Vehicles ("NYDMV") Custom Plates Unit that the FOP notified it that Plaintiff no longer qualifies as an eligible member. This action was taken without Plaintiff's knowledge or a warning and Plaintiff has not been able to obtain a substantive explanation for this action from either the FOP or the NYDMV. Plaintiff reasonably believes, based upon his twenty years of experience in the NYPD and IAB, that this is the latest in a series of retaliatory actions taken against him.

      Plaintiff continues to oppose vehemently the stay and intends to renew his motion to lift the stay after the March 30, 2020 return date in his criminal proceedings. Indeed, the stay is grossly contrary to Federal Rule of Civil Procedure 1, which provides for the speedy administration of every action. He also, at the appropriate time, intends to amend his Complaint to assert additional constitutional claims flowing from his recent arrest. For now and for the reasons explained above, Plaintiff requests that the Court partially lift the stay again to allow Plaintiff to serve a non-party subpoena on the FOP and the NYDMV to provide documentation related to the decision to strip Plaintiff of his eligibility for FOP custom plates in an effort to preserve evidence of possible additional retaliation taken against him.[1]

      Defendant City of New York requests that the stay remain in effect pending resolution of Plaintiff's criminal prosecution. The Parties respectfully request that the next joint status report be due by April 9, 2020.

      We thank the Court for its attention to this matter.

                                                  Respectfully submitted,

                                                  Caitlin Duffy, Esq.
                                                  *For the Firm*

To:    All counsel of record (*via ECF*)

---

[1] Plaintiff also intends to send a FOIL request to the NYDMV concerning this issue.