# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| --- | --- |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 9, 2020

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Nolan v. City of New York et al.*, Case No. 19-cv-00187-RPK-ST

Dear Judge Tiscione:

      This office represents Plaintiff, William R. Nolan, in the above-referenced action brought against Defendants, the City of New York and various individuals, for alleged violations of Plaintiff's First, Second, and Fourth Amendment rights under the Constitution of the United States, via-a-vis the Fourteenth Amendment and 42 U.S.C. § 1983. Pursuant to the Court's Minute Order dated March 10, 2020, we write now - - with opposing counsel's consent - - to update the Court on the status of proceedings.

      Since the Parties' last status report dated April 9, 2020 (ECF 28), Plaintiff's criminal prosecution stemming from his arrest on December 20, 2018 and the recent January 14, 2020 arrest, remains ongoing. The next appearance date in Plaintiff's criminal matter is May 26, 2020. *See People v. Nolan*, Ind. Nos. 00623/2018, 00225C/2020 (Crim. Ct., Richmond Cty).

      Additionally, as we explained in our last correspondence, Plaintiff recently attempted to re-register his motor vehicle with custom plates that indicate his membership in the Fraternal Order of Police Organization ("FOP"), but was informed by the New York State Department of Motor Vehicles ("NYDMV") Custom Plates Unit that the FOP notified it that Plaintiff no longer qualifies as an eligible member. This action was taken without Plaintiff's knowledge or a warning and Plaintiff has not been able to obtain a substantive explanation for this action from either the FOP or the NYDMV. Plaintiff reasonably believes, based upon his twenty years of experience in the NYPD and IAB, that this is the latest in a series of retaliatory actions taken against him.

Plaintiff continues to oppose vehemently the stay and intends to renew his motion to lift the stay after the May 26, 2020 appearance date in his criminal proceedings. Indeed, the stay is grossly contrary to Federal Rule of Civil Procedure 1, which provides for the speedy administration of every action. He also, at the appropriate time, intends to amend his Complaint to assert additional constitutional claims flowing from his January 2020 arrest. For now and for the reasons explained above, Plaintiff renews his request that the Court partially lift the stay again to allow Plaintiff to serve a non-party subpoena on the FOP and the NYDMV to provide documentation related to the decision to strip Plaintiff of his eligibility for FOP custom plates in an effort to preserve evidence of possible additional retaliation taken against him.

Defendant City of New York requests that the stay remain in effect pending resolution of Plaintiff's criminal prosecution. The Parties respectfully request that the next joint status report be due by June 9, 2020.

We thank the Court for its attention to this matter.

Respectfully submitted,

Caitlin Duffy, Esq.
*For the Firm*

To: All counsel of record (*via ECF*)