

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

910 Franklin Avenue
Suite 200
Garden City, NY 11530
Tel. No. 516.248.5550
Fax No. 516.248.6027

November 30, 2020

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Nolan v. City of New York et al.*, Case No. 19-cv-00187-RPK-ST

Dear Judge Tiscione:

    As Your Honor is aware, this office represents Plaintiff William R. Nolan in the above-referenced action brought against Defendants, the City of New York and various individuals, for alleged violations of Plaintiff's First, Second, and Fourth Amendment rights under the Constitution of the United States, via-a-vis the Fourteenth Amendment and 42 U.S.C. § 1983. Pursuant to the Court's Minute Order dated October 26, 2020, we write now - - with Defendants' consent - - to update the Court on the status of proceedings.

    Since the parties' last status report dated October 24, 2020 (ECF 32), Plaintiff's criminal prosecution stemming from his arrests on December 20, 2018, and January 14, 2020, remains ongoing, although the charges at issue are on the verge of narrowing substantially. Specifically, on November 19, 2020, Plaintiff's criminal defense attorneys appeared for a virtual conference with the court, at which the parties and the court discussed the District Attorney's affidavit supporting the dismissal of Plaintiff's felony charges. In light of that affidavit, the criminal court stated that it would dismiss Plaintiff's felony charges at the next in-person appearance on December 2, 2020. At that same conference, the court stated that it will also consider Plaintiff's arguments concerning the dismissal of his misdemeanor changes.[1]

---

[1] Also since the parties' last status report, the DMV has responded to Plaintiff's FOIL request by requesting additional information, which Plaintiff has provided, and Plaintiff's process server has attempted service of his subpoena on the Fraternal Order of Police ("FOP"), which is currently closed because of COVID-19,

Plaintiff continues to vehemently oppose the stay and what he believes - - based on his experience - - the continued retaliatory acts taken by the NYPD, and intends to renew his motion to lift the stay after the December 2, 2020 court appearance in his criminal proceedings, assuming that his felony charges are all dismissed, as the misdemeanor charges - - concerning possession of two electronic stun guns and therefore completely unrelated to Plaintiff's allegations in the Complaint concerning the licensing of his hand guns, resisting arrest, obstruction, harassment, stalking, criminal impersonation by internet, false reporting incident, and menacing - - do not overlap with the issues in this matter because they do not involve Plaintiff's handguns or his license for same. *See Parker v. Dawson*, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (citing *Volmar Distrib., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)) ("[T]he most important fact [in deciding to grant a stay] at the threshold is the degree to which the civil issues overlap with the criminal issues."). Moreover, because there is *still* no date certain when Plaintiff's criminal trial will commence and this case has been stayed since March 15, 2019, thereby delaying this case for over twenty months now, Plaintiff asserts that this is another reason to lift the stay here. *See United States v. Banco Cafetero Int'l*, 107 F.R.D. 361, 366 (S.D.N.Y. 1985) (denying stay of civil case where the criminal investigation had been going on for twenty months and no information had been submitted to show its present status or how long its resolution might take), *aff'd,* 797 F.2d 1154 (2d Cir. 1986); *Clark v. Lutcher*, 77 F.R.D. 415, 418 (M.D.Pa. 1977) (stay denied where no indication that criminal trial would be held in foreseeable future because "[a]s time progresses, evidence becomes stale, memories dim, and the search for truth, always a difficult task, becomes more and more burdensome").

Defendant City of New York requests that the stay remain in effect pending resolution of Plaintiff's entire criminal prosecution.

We thank the Court for its attention to this matter.

Respectfully submitted,

_____
Caitlin Duffy, Esq.
*For the Firm*

To: All counsel of record (*via ECF*)

---

and so Plaintiff is looking into an alternative address to serve that subpoena on the FOP. Plaintiff is still awaiting the DMV's substantive response.