# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

September 29, 2021

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Nolan v. City of New York et al.</u>, Case No. 19-cv-00187-RPK-ST

Dear Judge Tiscione:

      As Your Honor is aware, this office represents Plaintiff William R. Nolan in the above-referenced action brought against Defendants, the City of New York ("the City") and various individuals, for alleged violations of Plaintiff's First, Second, and Fourth Amendment rights under the Constitution of the United States, via-a-vis the Fourteenth Amendment and 42 U.S.C. § 1983. Pursuant to the Court's Minute Order dated August 13, 2021, we write to update the Court on the status of the criminal proceedings and Plaintiff's request to partially lift the stay in this matter.

      Since the parties' last conference on August 11, 2021, Plaintiff's criminal prosecution for misdemeanor charges stemming from his arrests on December 20, 2018, and January 14, 2020, remains ongoing.[1] Plaintiff's criminal defense attorney appeared before the Honorable Marina Cora Mundy of the Richmond County Supreme Court, on August 31, 2021, and stated on the record that Jose Rodriguez continues to harass Plaintiff and that the 121 and 122 Precincts continue to ignore Plaintiff's requests to make a complaint report. Thereafter, the court adjourned the criminal proceeding to October 28, 2021, pending the court's decision on Plaintiff's motion, now fully submitted, to controvert a search warrant issued in relation to that case. Plaintiff anticipates that further update on the status of Plaintiff's pending misdemeanor charges will be available after the Court's decision on that motion.

---

[1] As we previously informed the Court, all felony charges have been dismissed.

Regarding the discussion at the last conference of partially lifting the stay in this case, Plaintiff maintains his position that the stay should be lifted only as to documentary discovery. At the conference, counsel for the City raised two issues in response to Plaintiff's request. First, were the stay lifted, the City would have little documentary discovery - - other than a Decision to Charge and an Emergency Suspension Order - - to exchange because Plaintiff's firearm license was suspended in response to the currently pending criminal charges. Second, that the City has not determined whether its counsel will be representing the individually named Defendants, and counsel claims that it cannot interview them without the risk of generating *Rosario* material.

In response, the City's first argument is without merit as the suspension of Plaintiff's firearm license occurred on March 14, 2018, nine months *before* criminal charges were brought against Plaintiff on December 20, 2018. As per the suspension notice issued to Plaintiff on March 14, 2018, Plaintiff's firearms were suspended pursuant to Title 38 RCNY §5-30(d), because of his supposed "failure to notify the License Division of numerous incidents which came to the attention of Law Enforcement." In contrast, Plaintiff's arrest in December 2018 was based on allegations of Plaintiff possessing additional firearms aside from those that he previously surrendered. Therefore, Plaintiff's firearm license was not suspended in response to the criminal charges currently pending against him.

As for the number of documents that the City could potentially exchange, Plaintiff's suspension notice does not mention which alleged "incidents" served as the basis for the suspension. As per Title 38 RCNY §5-30(e), the License Division must have reviewed and evaluated each "incident" before determining to suspend Plaintiff's firearm license. Therefore, among other relevant documentation, the City could provide all files pertaining to the License Division's investigations and final determination. The City could also produce documentation regarding Plaintiff's proffered reason for the suspension - - his repeated complaints about Jose Rodriguez harassing him - - including, but not limited to, recordings of 911 calls, emails, complaint reports, UF-61s, follow-up reports, and the documentation supporting the cease-and-desist notice that the NYPD issued Plaintiff, including all prior drafts of same and metadata associated therewith.

Responding to the City's second argument, there is little to no risk of generating *Rosario* material were the City's counsel to discuss representation with the individually named Defendants. The City's potential representation concerns Plaintiff's Complaint as it is filed, and therefore does not currently extend to the issues resulting from Plaintiff's December 2018 arrest. None of the individual Defendants' names appear on the criminal court complaint or other charging documents for Plaintiff's pending criminal charges. Therefore, there is no reason why the City's counsel would need to discuss the details of Plaintiff's pending prosecution with the individual Defendants.

We thank the Court for its attention to this matter.

> Respectfully submitted,
>
> _____
> Andrew C. Weiss, Esq.
> *For the Firm*

To: All counsel of record (*via ECF*)