UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

WILLIAM R. NOLAN,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, and JOSEPH REZNICK, and
RAYMOND SPINELLA, and MICHAEL BARRETO, and
ASIF IQBAL, and POLICE DETECTIVE JAMES
BUTLER, and POLICE OFFICER BRYAN BURGESS,
and POLICE OFFICER JOHN DOE, all in the individual
and official capacities, and JOSE RODRIGUEZ,
individually,

                           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE SECOND AMENDED COMPLAINT**

19 Civ. 00187 (RPK)(ST)

            Defendants CITY OF NEW YORK, (RET.) CHIEF JOSEPH REZNICK ("Reznick"), (RET.) CHIEF RAYMOND SPINELLA ("Spinella"), INSPECTOR MICHAEL BARRETO ("Barreto"), CAPTAIN ASIF IQBAL ("Iqbal"), (RET.) DETECTIVE JAMES BUTLER ("Butler"), and POLICE OFFICER BRYAN BURGESS ("Burgess"), collectively referred to hereinafter as City Defendants, by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint, respectfully allege, upon information and belief, as follows:

            1.      Deny the allegations set forth in paragraph "1" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

            2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first seven sentences of paragraph "2" of the Second Amended Complaint, except admit the following: (a) Plaintiff's appointment date with the New York City Police Department ("NYPD") was on or about January 9, 1986; (b) Plaintiff was promoted to the

rank of Detective on or about August 23, 1991; and (c) Plaintiff was assigned to the NYPD's Internal Affairs Bureau in or about May 1989. Deny the allegations set forth in the eighth sentence of paragraph "2" of the Second Amended Complaint.

3.    Deny the allegations set forth in paragraph "3" of the Second Amended Complaint, except admit that Plaintiff and Inspector Matthew Harrington were assigned to work (in different units) in the same building at 1 Edgewater Plaza, Staten Island, New York 10305 for a period of time.

4.    Deny the allegations set forth in paragraph "4" of the Second Amended Complaint, except admit that the NYPD License Division approved Plaintiff's application for a retired law enforcement carry handgun license in or about August 2005, which listed five handguns.

5.    Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that Plaintiff filed complaints with various bureaus and offices of the NYPD regarding many of the allegations in the Second Amended Complaint, and further admit that Plaintiff filed a Freedom of Information Law Request with the NYPD seeking certain complaint reports generated by the 121st Precinct and IAB log reports and a complaint with the New York City Department of Investigation through an online portal alleging that the NYPD License Division improperly suspended his retired law enforcement carry handgun license # SX 2016000072.

6.    Deny the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that the NYPD License Division issued a Suspension Notice dated March 14, 2018, advising Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was suspended and his handguns were vouchered for safekeeping with the NYPD in

accordance with Section 5-30(f) of Title 38 of the Rules of the City of New York ("RCNY"), and further admit that the NYPD denied Plaintiff's Freedom of Information Law Request No. 2018-056-00854.

7.     Deny the allegations set forth in paragraph "7" of the Second Amended Complaint, except admit that the NYPD License Division issued a Suspension Notice dated March 14, 2018, advising Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was suspended.

8.     Deny the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

9.     Deny the allegations set forth in paragraph "9" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

10.     Deny the allegations set forth in paragraph "10" of the Second Amended Complaint, except admit the following: (a) a search warrant authorizing the search of 9 Gadsen Place, Apartment 2A, Staten Island, New York was issued by Honorable Mario Mattei on or about December 17, 2018; (b) the NYPD executed the search warrant on December 20, 2018; (c) the NYPD vouchered two stun guns, four high capacity ammunition feeding devices, and two Mossberg Model 590 firearms recovered from the apartment; and (d) on December 21, 2018, Butler executed an accusatory instrument stating, among other things, that on December 20, 2018, Nolan committed six Penal Law offenses – Penal Law § 265.01(1) (Criminal possession of a weapon in the fourth degree); Penal law § 265.01-b(1) (Criminal possession of a firearm); Penal Law § 265.02(8) (Criminal possession of a weapon in the third degree); Penal Law § 265.03(b)(1) (Criminal possession of a weapon in the second degree); Penal Law § 195.05

(Obstructing governmental administration in the second degree); and Penal Law § 205.30 (Resisting arrest).

11.     Deny the allegations set forth in paragraph "11" of the Second Amended Complaint, except admit on January 14, 2020, Nolan was arrested and charged with the following Penal Law offenses – 23 counts of Penal Law § 190.25(1) (Criminal impersonation in the second degree); 23 counts of Penal Law § 190.25(4) (Criminal impersonation in the second degree); one count of Penal Law § 120.14(1) (Menacing in the second degree); 22 counts of Penal Law § 240.30(2) (Aggravated harassment in the second degree); 22 counts of Penal Law § 240.50(1) (Falsely reporting an incident in the third degree); 22 counts of Penal Law § 120.45(1) (Stalking in the fourth degree); and five counts of Penal Law § 240.26(3) (Harassment in the second degree).

12.     Deny the allegations set forth in paragraph "12" of the Second Amended Complaint.

13.     Deny the allegations set forth in the first sentence of paragraph "13" of the Second Amended Complaint, except admit the following: (a) Nolan was arraigned in Richmond County Criminal Court for the December 20, 2018 arrest under Docket # CR-0083304-18RI; (b) Nolan was subsequently indicted by the Grand Jury of the County of Richmond (Indictment 623-2018); (c) on or about January 9, 2019, Nolan was arraigned on Indictment 623/2018 in Richmond County Supreme Court; (d) Nolan was arraigned in Richmond County Criminal Court for the January 14, 2020 arrest under Docket # CR-000225-20RI; and (e) Docket # CR-000225-20RI was transferred to Richmond County Supreme Court to track Indictment 623/2018 and the accusatory instrument was modified to a "C docket," entitled 00225C-2020. Deny the allegations set forth in the second and third sentences of paragraph "13" of the Second Amended

4

Complaint, except admit that Counts One through Four of Indictment 623/2018 were dismissed upon the motion of the People on November 19, 2020, and further admit that the remainder of Indictment 623/2018 and the entirety of Docket 00225C-2020 were dismissed on July 12, 2022, upon the motion of the People.

14.    Deny the allegations set forth in paragraph "14" of the Second Amended Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.    Deny the allegations set forth in paragraph "16" of the Second Amended Complaint.

17.    Deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.    Deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except admit that Plaintiff served a Notice of Claim on the City of New York through his attorneys dated October 7, 2022.

19.    Deny the allegations set forth in paragraph "19" of the Second Amended Complaint, except admit that more than thirty days have elapsed since service of Plaintiff's Notice of Claim and further admit that the City of New York has not paid Plaintiff for the claim(s).

20.    Defendants neither admit nor deny the allegations set forth in paragraph "20" of the Second Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, except admit that Plaintiff filed an Amended Complaint dated April 24, 2023.

21.     Deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

22.     Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that Plaintiff purports to base venue as set forth therein.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Second Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Second Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and the NYPD and Department of Investigation are established by Chapter 18 and Chapter 34 of the New York City Charter, respectively, and have the powers and duties set forth therein.

25.     Deny the allegations set forth in paragraph "25" of the Second Amended Complaint, except admit that the NYPD is established by Chapter 18 of the New York City Charter and has the powers and duties set forth therein, and further admit that the NYPD is structured around bureaus and major offices that contain the Department's enforcement, investigative, and administrative functions, including the Patrol Services Bureau which is divided into eight borough commands, which are further divided into 77 police precincts.

26.     Deny the allegations set forth in paragraph "26" of the Second Amended Complaint, except admit that the New York City Department of Investigation is established by Chapter 34 of the New York City Charter and has the powers and duties set forth therein.

27.     Deny the allegations set forth in paragraph "27" of the Second Amended Complaint, except admit that the NYPD is structured around bureaus and major offices that

contain the Department's enforcement, investigative, and administrative functions, including the Internal Affairs Bureau ("IAB"), and refer the Court to IAB's webpage, located at https://www.nyc.gov/site/nypd/bureaus/investigative/internal-affairs.page, for a complete description of IAB's mission and contact information.

28.    Deny the allegations set forth in paragraph "28" of the Second Amended Complaint, and refer the Court to Chapter 18 of the New York City Charter, Chapters 3 and 5 of Title 38 of the RCNY, Chapter 3 of Title 10 of the Administrative Code of the City of New York ("Administrative Code"), and Section 265.00(10) of the New York State Penal Law ("Penal Law") for full and complete descriptions of the duties of the NYPD as they relate to the permitting of handguns and the licensing of rifles and shotguns.

29.    Admit the allegations set forth in paragraph "29" of the Second Amended Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Second Amended Complaint, except admit James P. O'Neill served as the Commissioner of the NYPD from September 2016 through November 2019.

31.    Deny the allegations set forth in paragraph "31" of the Second Amended Complaint, except admit that Reznick served as Deputy Commissioner of the NYPD's IAB from July 2014 through January 2022, and further admit that Reznick served as Chief of the NYPD's IAB from March 2014 until his retirement as a uniformed member of the NYPD in July 2014.

32.    Deny the allegations set forth in paragraph "32" of the Second Amended Complaint, except admit that Spinella served as Chief of Staff to then-NYPD Commissioner James P. O'Neill from September 2016 through November 2019.

33.     Deny the allegations set forth in paragraph "33" of the Second Amended Complaint, except admit that Barreto served as Commanding Officer of the NYPD License Division from May 2016 through November 2020.

34.     Deny the allegations set forth in paragraph "34" of the Second Amended Complaint, except admit that Iqbal served as Executive Officer of NYPD License Division from 2016 through October 2020.

35.     City Defendants neither admit nor deny the allegations set forth in paragraph "35" of the Second Amended Complaint as allegations concerning "color of law" and "scope of duties" are conclusions of law rather than averments of fact to which no response is required, except admit the following:  (a) Burgess is currently a Police Officer with the NYPD and Butler was employed by the NYPD as a police officer until he retired at the rank of Detective in June 2022; (b) Plaintiff purports to sue Burgess and Butler in their individual and official capacities; and (c) Plaintiff purports to sue unnamed JOHN DOE police officers in their individual and official capacities.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Second Amended Complaint, except admit that Plaintiff's appointment date with the NYPD was on or about January 9, 1986, and further admit that Plaintiff retired from the NYPD on or about November 22, 2005.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Second Amended Complaint, except admit that the NYPD License Division issued a Suspension Notice dated March 14, 2018, advising

Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was suspended, and further admit that the License Division vouchered five firearms in Plaintiff's possession for safekeeping following the suspension of his license in accordance with 38 RCNY § 5-30(f).

39.     Deny the allegations set forth in the first sentence of paragraph "39" of the Second Amended Complaint, and refer the Court to Chapters 3 and 5 of Title 38 of the RCNY and Chapter 3 of Title 10 of the Administrative Code for a full and complete descriptions of the law and rules pertaining to firearm licensing and ownership in the City of New York, and aver that Chapters 3 and 5 of Title 38 of the RCNY were amended in accordance with the City Administrative Procedure Act, and further aver that the amendments to Chapters 3 and 5 of Title 38 of the RCNY became effectively immediately upon publication in *The City Record* on December 16, 2022.  Deny the allegations set forth in the second sentence of paragraph "39" of the Second Amended Complaint, and refer the Court to 38 RCNY § 5-30 for its complete text, and aver that 38 RCNY § 5-30 was amended by the rules published in *The City Record* on December 16, 2022.

40.     Deny the allegations set forth in the first three sentences of paragraph "40" of the Second Amended Complaint, and refer the Court to Chapter 5 of Title 38 of the RCNY for its complete text.  Deny the allegations set forth in the fourth and fifth sentences of paragraph "40" of the Second Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Second Amended Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Second Amended Complaint, except admit that Plaintiff filed a complaint against Jose Rodriguez with the 121st Precinct on or about October 25, 2016.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Second Amended Complaint, except deny the allegations insofar as they allege that City Defendants acted improperly, contrary to law or violated Plaintiff's constitutional rights.

44.    Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45.    Deny the allegations set forth in paragraph "45" of the Second Amended Complaint, except admit that Plaintiff filed multiple complaints with the 121st Precinct regarding Jose Rodriguez, and further admit that Plaintiff filed multiple complaints with IAB.

46.    Deny the allegations set forth in paragraph "46" of the Second Amended Complaint, except admit that Plaintiff sent an email to IAB, as well as other employees of the NYPD and the Richmond County District Attorney's Office at approximately 11:48 A.M. on November 27, 2017, alleging aggravated harassment and stalking by Defendant Jose Rodriguez, and further admit that Plaintiff sent a subsequent email on November 27, 2017, to IAB as well as Reznick and other employees of the NYPD and the Richmond County District Attorney's Office complaining that he was not contacted by IAB regarding his 11:48 A.M. email.

47.    Deny the allegations set forth in paragraph "47" of the Second Amended Complaint, except admit that Reznick sent an email dated November 27, 2017, to Plaintiff that stated the following:  "Retired Det Nolan.  I will have someone from my office contact you tomorrow.  Chief Reznick."

10

48.     Deny the allegations set forth in paragraph "48" of the Second Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Second Amended Complaint, except admit that Plaintiff emailed Reznick on November 29, 2017, regarding, among other things, his meeting with Sergeant Anthony Castellana from IAB and to thank Reznick for his assistance in this matter.

50.     Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Second Amended Complaint, except admit that Plaintiff has filed more than two dozen complaints with the 121st Precinct alleging harassment.

52.     Deny the allegations set forth in paragraph "52" of the Second Amended Complaint, except admit that Plaintiff sent an email dated January 18, 2018, at 12:02 PM, to Reznick, among others, regarding his complaints against Defendant Jose Rodriguez.

53.     Deny the allegations set forth in paragraph "53" of the Second Amended Complaint, except admit that Plaintiff sent an email dated January 18, 2018, at 7:14 PM, to Reznick, and carbon copying Spinella, alleging, among other things, that he received two new harassing emails from Defendant Jose Rodriguez, and further admit that Reznick responded to said email as follows:  "Billy.  I have forwarded your last message to both the CO of your Pct and the Investigative Commander for SI with instructions to follow up with your issues. If no one contacts you by next week, email me a message. Chief R."

54.     Deny the allegations set forth in paragraph "54" of the Second Amended Complaint, except admit that in January 2018, then-Captain Scott Weisberg ("Weisberg"),

Executive Officer of Detective Borough Staten Island, arranged to meet with Plaintiff regarding his complaints against Defendant Jose Rodriguez, and aver that Plaintiff met with Weisberg and Butler on or about January 24, 2018, at the 123rd Precinct regarding such complaints.

55.    Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

56.    Deny the allegations set forth in paragraph "56" of the Second Amended Complaint, except admit that on March 2, 2018, Butler and Weisberg called Plaintiff to advise that the investigation with regard to his complaints against Jose Rodriguez was going to be closed with referral to the Criminal Court for mediation.

57.    Deny the allegations set forth in paragraph "57" of the Second Amended Complaint, except admit that Plaintiff sent an email dated March 2, 2018, to Weisberg purportedly to memorialize their earlier conversation, and aver that Plaintiff's email mischaracterized such conversation.

58.    Deny the allegations set forth in paragraph "58" of the Second Amended Complaint, except admit that Captain Scott Weisberg sent an email to Plaintiff on March 3, 2018, informing Plaintiff that there was no probable cause to arrest Defendant Rodriguez, and aver that Weisberg's email stated that this conclusion was reached after consultation with the NYPD Legal Bureau and the Richmond County District Attorney's Office.

59.    Deny the allegations set forth in paragraph "59" of the Second Amended Complaint.

60.    Deny the allegations set forth in paragraph "60" of the Second Amended Complaint, except admit that Plaintiff sent an email dated March 3, 2018, to Captain Scott

Weisberg, among others, regarding the status of his complaints against Defendant Jose Rodriguez.

61.    Deny the allegations set forth in paragraph "61" of the Second Amended Complaint, except admit that Plaintiff sent an email dated March 4, 2018, to Captain Scott Weisberg to complain about alleged harassment by Defendant Jose Rodriguez.

62.    Deny the allegations set forth in paragraph "62" of the Second Amended Complaint, except admit that the NYPD License Division issued a Suspension Notice dated March 14, 2018, advising Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was suspended, and further admit that the Suspension Notice was hand delivered to Plaintiff by then-Sergeant Martin P. Browne and then-Sergeant Ricardo Ramkissoon from the NYPD License Division.

63.    Deny the allegations set forth in paragraph "63" of the Second Amended Complaint, except admit that the NYPD License Division issued a Suspension Notice dated March 14, 2018, advising Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was suspended.

64.    Deny the allegations set forth in paragraph "64" of the Second Amended Complaint, except admit that Plaintiff questioned the issuance of the Suspension Notice dated March 14, 2018, and further admit that Plaintiff requested the presence of a Duty Captain, and aver that the presence of a Duty Captain was unnecessary as two supervisors with the NYPD License Division were present.

65.    Deny the allegations set forth in paragraph "65" of the Second Amended Complaint, except admit that Plaintiff protested the issuance of the Suspension Notice dated March 14, 2018, and further admit that Plaintiff surrendered his retired law enforcement carry

handgun license # SX 2016000072, and his handguns were vouchered for safekeeping with the NYPD in accordance with 38 RCNY § 5-30(f).

66.    Deny the allegations set forth in paragraph "66" of the Second Amended Complaint, except admit that Plaintiff was issued a Cease and Desist Demand signed by then-NYPD Deputy Commissioner for Legal Matters Lawrence Byrne dated March 13, 2018.

67.    Deny the allegations set forth in paragraph "67" of the Second Amended Complaint, except admit that Plaintiff was issued a Cease and Desist Demand signed by then-NYPD Deputy Commissioner for Legal Matters Lawrence Byrne dated March 13, 2018.

68.    Deny the allegations set forth in paragraph "68" of the Second Amended Complaint, except admit that Detective Daniel Aybar was assigned to the NYPD License Division's investigation of the facts and circumstances of the incident leading the suspension of Plaintiff's retired law enforcement carry handgun license # SX 2016000072, and further admit that Plaintiff contacted Detective Aybar to provide details regarding the subject incident.

69.    Deny the allegations set forth in paragraph "69" of the Second Amended Complaint.

70.    Deny the allegations set forth in paragraph "70" of the Second Amended Complaint, except admit that on or about April 17, 2018, Vito Palazzo filed a complaint with the 122nd Precinct regarding emails received from an unnamed perpetrator, and further admit that the complaint status is "Closed."

71.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Second Amended Complaint, except admit that Sergeant Brian Herbert of the License Division spoke with Vito Palazzo regarding the complaint that he filed.

73.     Deny the allegations set forth in paragraph "73" of the Second Amended Complaint, except admit that by Notice of Determination dated September 11, 2023, the NYPD License Division advised Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was revoked.

74.     Deny the allegations set forth in paragraph "74" of the Second Amended Complaint, except admit that Plaintiff filed a Freedom of Information Law Request with the NYPD seeking certain complaint reports generated by the 121st Precinct and IAB log reports, and further admit that the Freedom of Information Law Request was ultimately denied.

75.     Deny the allegations set forth in paragraph "75" of the Second Amended Complaint, except admit the following: (a) Plaintiff submitted a complaint with the New York City Department of Investigation ("DOI") through an online portal alleging that the NYPD License Division improperly suspended his retired law enforcement carry handgun license # SX 2016000072 at the direction of Reznick; (b) Plaintiff's complaint was assigned to DOI Investigator John Kim; and (c) on or about October 10, 2018, Brigitte Watson from DOI spoke with Plaintiff regarding his complaint and advised that DOI requested information from the NYPD about the suspension of his retired law enforcement carry handgun license # SX 2016000072 and suggested that Plaintiff consider seeking assistance from an attorney regarding the suspension.

76.     Deny the allegations set forth in paragraph "76" of the Second Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Second Amended Complaint, except admit that by Notice of Determination dated September 11, 2023, the NYPD License Division advised Plaintiff that his retired law enforcement carry handgun license # SX 2016000072 was revoked, and further admit that Plaintiff's handguns remain vouchered for safekeeping with the NYPD in accordance with 38 RCNY § 5-30(f).

78.     Deny the allegations set forth in paragraph "78" of the Second Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Second Amended Complaint, except admit that Butler executed an affidavit dated October 11, 2018, in support of a search warrant authorizing the search of 9 Gadsen Place, Apartment 2A, Staten Island, New York.

80.     Deny the allegations set forth in paragraph "80" of the Second Amended Complaint, except admit that a search warrant authorizing the search of 9 Gadsen Place, Apartment 2A, Staten Island, New York was issued by Honorable Mario Mattei on or about December 17, 2018.

81.     Deny the allegations set forth in paragraph "81" of the Second Amended Complaint, except admit that Butler executed an affidavit dated October 11, 2018, in support of a search warrant authorizing the search of 9 Gadsen Place, Apartment 2A, Staten Island, New York.

82.     Deny the allegations set forth in paragraph "82" of the Second Amended Complaint, except admit on December 20, 2018, that the NYPD executed the search warrant at 9 Gadsen Place, Apartment 2A, Staten Island, New York.

83. Deny the allegations set forth in paragraph "83" of the Second Amended Complaint, except admit on December 20, 2018, that the NYPD executed the search warrant at 9 Gadsen Place, Apartment 2A, Staten Island, New York.

84. Deny the allegations set forth in paragraph "84" of the Second Amended Complaint, except admit that Plaintiff refused to allow the NYPD to execute the search warrant and was subsequently handcuffed and eventually placed under arrest.

85. Deny the allegations set forth in paragraph "85" of the Second Amended Complaint, except admit that on December 20, 2018, the NYPD executed the search warrant at 9 Gadsen Place, Apartment 2A, Staten Island, New York, and further admit that the NYPD vouchered two stun guns, four high capacity ammunition feeding devices, and two Mossberg Model 590 firearms recovered from the apartment.

86. Deny the allegations set forth in paragraph "86" of the Second Amended Complaint, except admit the following: (a) Plaintiff was transported to the 121st Precinct for the processing of his December 20, 2018 arrest; (b) Plaintiff was transported to the hospital for treatment; and (c) Plaintiff was held at the 120th Precinct until arraignment.

87. Deny the allegations set forth in paragraph "87" of the Second Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Second Amended Complaint, except admit that on December 21, 2018, Butler executed an accusatory instrument stating, among other things, that on December 20, 2018, Nolan committed six Penal Law offenses – Penal Law § 265.01(1) (Criminal possession of a weapon in the fourth degree); Penal law § 265.01-b(1) (Criminal possession of a firearm); Penal Law § 265.02(8) (Criminal possession of a weapon in the third degree); Penal Law § 265.03(b)(1) (Criminal possession of a

weapon in the second degree); Penal Law § 195.05 (Obstructing governmental administration in the second degree); and Penal Law § 205.30 (Resisting arrest).

89.    Deny the allegations set forth in paragraph "89" of the Second Amended Complaint, except admit that on December 21, 2018, William Nolan ("Nolan") was arraigned under Docket CR-0083304-18RI in Richmond County Criminal Court on the following charges: Penal Law § 265.01(1) (Criminal possession of a weapon in the fourth degree); Penal Law § 265.01-b(1) (Criminal possession of a firearm); Penal Law § 265.02(8) (Criminal possession of a weapon in the third degree); Penal Law § 265.03(1)(b) (Criminal possession of a weapon in the second degree); Penal Law § 195.05 (Obstructing governmental administration in the second degree); and Penal Law § 205.30 (Resisting arrest).

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Second Amended Complaint, except admit that bail was set for Nolan in the amount of $5,000 cash, or a $15,000 bond, and that Nolan immediately made bail, and aver that on December 28, 2018, a Richmond County Grand returned a true bill under Indictment 623/2018, charging Nolan with the following:  two counts of Penal § Law 265.01(1) (Criminal Possession of a weapon in the fourth degree); two counts of Penal law § 265.01-b(1) (Criminal possession of a firearm); one count of Penal Law § 265.02(8) (Criminal possession of a weapon in the third degree); one count of Penal Law § 265.03(1)(b) (Criminal possession of a weapon in the second degree); Penal Law § 195.05 (Obstructing governmental administration in the second degree); and Penal Law § 205.30 (Resisting arrest).

91.    Deny the allegations set forth in paragraph "91" of the Second Amended Complaint, except admit on January 14, 2020, Nolan was arrested and charged with the following Penal Law offenses – 23 counts of Penal Law § 190.25(1) (Criminal impersonation in

the second degree); 23 counts of Penal Law § 190.25(4) (Criminal impersonation in the second degree); one count of Penal Law § 120.14(1) (Menacing in the second degree); 22 counts of Penal Law § 240.30(2) (Aggravated harassment in the second degree); 22 counts of Penal Law § 240.50(1) (Falsely reporting an incident in the third degree); 22 counts of Penal Law § 120.45(1) (Stalking in the fourth degree); and five counts of Penal Law § 240.26(3) (Harassment in the second degree).

92.    Admit the allegations set forth in paragraph "92" of Second Amended Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Second Amended Complaint, except admit the following:  (a) Nolan was arraigned in Richmond County Criminal Court for the December 20, 2018 arrest under Docket # CR-0083304-18RI; (b) Nolan was subsequently indicted by the Grand Jury of the County of Richmond (Indictment 623-2018); (c) on or about January 9, 2019, Nolan was arraigned on Indictment 623/2018 in Richmond County Supreme Court; (d) Nolan was arraigned in Richmond County Criminal Court for the January 14, 2020 arrest under Docket # CR-000225-20RI; and (e) Docket # CR-000225-20RI was transferred to Richmond County Supreme Court to track Indictment 623/2018 and the accusatory instrument was modified to a "C docket," entitled 00225C-2020.

94.    Deny the allegations set forth in paragraph "94" of the Second Amended Complaint.

95.    Deny the allegations set forth in paragraph "95" of the Second Amended Complaint, except admit that Counts One through Four of Indictment 623/2018 were dismissed upon the motion of the People on November 19, 2020, and further admit that the remainder of

Indictment 623/2018 and the entirety of Docket 00225C-2020 were dismissed on July 12, 2022, upon the motion of the People.

96.    Deny the allegations set forth in paragraph "96" of the Second Amended Complaint.

97.    Deny the allegations set forth in paragraph "97" of the Second Amended Complaint, except admit that Counts One through Four of Indictment 623/2018 were dismissed upon the motion of the People on November 19, 2020, and further admit that the remainder of Indictment 623/2018 and the entirety of Docket 00225C-2020 were dismissed on July 12, 2022, upon the motion of the People.

98.    Deny the allegations set forth in paragraph "98" of the Second Amended Complaint, except admit that (Retired) Lieutenant John Lomando made a report based on a complaint received from Plaintiff at the 122nd Precinct.

99.    Deny the allegations set forth in paragraph "99" of the Second Amended Complaint, except admit that Counts One through Four of Indictment 623/2018 were dismissed upon the motion of the People on November 19, 2020, and further admit that the remainder of Indictment 623/2018 and the entirety of Docket 00225C-2020 were dismissed on July 12, 2022, upon the motion of the People.

100.    Deny the allegations set forth in paragraph "100" of the Second Amended Complaint.

101.    In response to the allegations set forth in paragraph "101" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

102.    Deny the allegations set forth in paragraph "102" of the Second Amended Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Second Amended Complaint, except admit that Plaintiff filed complaints with various bureaus and offices of the NYPD and the DOI regarding many of the allegations in the Second Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Second Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Second Amended Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    In response to the allegations set forth in paragraph "108" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

109.    Deny the allegations set forth in paragraph "109" of the Second Amended Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Second Amended Complaint, except admit that the NYPD License Division approved Plaintiff's application for a retired law enforcement carry handgun license in or about August 2005, which listed five handguns.

111.    Deny the allegations set forth in paragraph "111" of the Second Amended Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Second Amended Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Second Amended Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Second Amended Complaint.

115.    In response to the allegations set forth in paragraph "115" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

116.    Deny the allegations set forth in paragraph "116" of the Second Amended Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Second Amended Complaint, except admit that the NYPD License Division approved Plaintiff's application for a retired law enforcement carry handgun license in or about August 2005, which listed five handguns.

118.    Deny the allegations set forth in paragraph "118" of the Second Amended Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Second Amended Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Second Amended Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Second Amended Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Second Amended Complaint.

123.    In response to the allegations set forth in paragraph "123" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

124.    Deny the allegations set forth in paragraph "124" of the Second Amended Complaint.

125.    City Defendants neither admit nor deny the allegations set forth in the first sentence of paragraph "125" of the Second Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.  Deny the allegations set forth in the second sentence of paragraph "125" of the Second Amended Complaint.

126.    Deny the allegations set forth in the first sentence of paragraph "126" of the Second Amended Complaint, and refer the Court to the City Administrative Procedure Act, codified in Chapter 45 of the New York City Charter, for its complete text.  Deny the allegations set forth in the second sentence of paragraph "126" of the Second Amended Complaint, except admit that pursuant to New York Penal Law § 265.00(10), the Commissioner of the NYPD is the firearm licensing officer for the City of New York.

127.    Deny the allegations set forth in paragraph "127" of the Second Amended Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Second Amended Complaint, and refer the Court to 35 RCNY § 5-30 for its complete text, and aver that 35 RCNY

§ 5-30 was amended in accordance with the City Administrative Procedure Act, and further aver that the amendments to 35 RCNY § 5-30 became effectively immediately upon publication in *The City Record* on December 16, 2022.

129.    Deny the allegations set forth in paragraph "129" of the Second Amended Complaint, and refer the Court to 35 RCNY § 5-10 for its complete text.

130.    Deny the allegations set forth in paragraph "130" of the Second Amended Complaint, and refer the Court to Chapter 5 of Title 38 of the Rules of the City of New York for a full and complete description of the NYPD's rules and regulations with respect to the issuance of handgun licenses and licensee responsibilities.

131.    Deny the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

133.    Deny the allegations set forth in paragraph "133" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

134.    In response to the allegations set forth in paragraph "134" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

135.    Deny the allegations set forth in paragraph "135" of the Second Amended Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Second Amended Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Second Amended Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Second Amended Complaint.

139.    In response to the allegations set forth in paragraph "139" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

140.    Deny the allegations set forth in paragraph "140" of the Second Amended Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Second Amended Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Second Amended Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Second Amended Complaint.

144.    In response to the allegations set forth in paragraph "144" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

145.    Deny the allegations set forth in paragraph "145" of the Second Amended Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Second Amended Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Second Amended Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Second Amended Complaint.

149.    In response to the allegations set forth in paragraph "149" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

150.    Deny the allegations set forth in paragraph "150" of the Second Amended Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Second Amended Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Second Amended Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Second Amended Complaint.

154.    In response to the allegations set forth in paragraph "154" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

155.    Deny the allegations set forth in paragraph "155" of the Second Amended Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Second Amended Complaint, except admit that Counts One through Four of Indictment 623/2018 were dismissed upon the motion of the People on November 19, 2020, and further admit that the remainder of

Indictment 623/2018 and the entirety of Docket 00225C-2020 were dismissed on July 12, 2022, upon the motion of the People.

157.    Deny the allegations set forth in paragraph "157" of the Second Amended Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Second Amended Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Second Amended Complaint.

160.    In response to the allegations set forth in paragraph "160" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

161.    Deny the allegations set forth in paragraph "161" of the Second Amended Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Second Amended Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Second Amended Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Second Amended Complaint.

165.    In response to the allegations set forth in paragraph "165" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

166.    Deny the allegations set forth in paragraph "166" of the Second Amended Complaint, except admit that on December 20, 2018, the NYPD executed the search warrant at 9 Gadsen Place, Apartment 2A, Staten Island, New York, and further admit that the NYPD vouchered two stun guns, four high capacity ammunition feeding devices, and two Mossberg Model 590 firearms recovered from the apartment.

167.    Deny the allegations set forth in paragraph "167" of the Second Amended Complaint, except admit that Counts One through Four of Indictment 623/2018 were dismissed upon the motion of the People on November 19, 2020, and further admit that the remainder of Indictment 623/2018 and the entirety of Docket 00225C-2020 were dismissed on July 12, 2022, upon the motion of the People.

168.    Deny the allegations set forth in paragraph "168" of the Second Amended Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Second Amended Complaint.

170.    In response to the allegations set forth in paragraph "170" of the Second Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

171.    Deny the allegations set forth in paragraph "171" of the Second Amended Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Second Amended Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Second Amended Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Second Amended Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Second Amended Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Second Amended Complaint, except admit that Plaintiff purports to demand a trial by jury.

177.    Denies that Plaintiffs are entitled to the relief set forth in the "Prayer for Relief."

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

178.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

179.    The injuries alleged by Plaintiff were caused in whole or in part by and arose out of Plaintiff's own culpable conduct or the conduct of third parties.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

180.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

181.    Plaintiffs cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

182.    Any and all actions taken by the individual defendants with respect to Plaintiffs did not violate any clearly established rights or laws of which a reasonable person would have known at the time and under the circumstances that the actions were taken.

Consequently, said individually named defendants are immune from liability under the doctrine of qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

183.    At all times relevant to the acts alleged in the Second Amended Complaint, the duties and functions of Defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

184.    The challenged section(s) of the Rules of the City of New York are constitutional, valid and enforceable in all respects.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

185.    The actions of any police officers involved in Plaintiffs' arrests and prosecutions were reasonable and justified by probable cause.

## AS AND FOR NINTH AFFIRMATIVE DEFENSE

186.    Plaintiff is not entitled to a writ of mandamus requiring the NYPD to reinstate his retired law enforcement carry handgun license # SX 2016000072 and/or return his vouchered firearms associated with such license.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

187.    Any challenge to the NYPD License Division's suspension of Plaintiff's retired law enforcement carry handgun license # SX 2016000072 is barred, in whole or in part, by the applicable statute of limitations.

## <u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

188.    Plaintiff is not entitled to recover damages that could have been mitigated or avoided through reasonable efforts.

## <u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

189.    To the extent that Plaintiff is asserting a claim for excessive force, any alleged injuries are de minimis and do not give rise to an injury of constitutional proportions.

**WHEREFORE,** City Defendants request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 13, 2023


HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
Attorney for City Defendants
100 Church Street
New York, New York 10007
(212) 356-4036

By:      _____/s/_____
         Nicholas R. Ciappetta
         Assistant Corporation Counsel