# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

May 29, 2024

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Nolan v. City of New York et al.*, Case No. 19-cv-00187-RPK-ST

Dear Judge Tiscione:

This office represents Plaintiff William R. Nolan in the above-referenced action brought against Defendants the City of New York, Joseph Reznick, Raymond Spinella, Michael Barreto, Asif Iqbal, Detective James Butler, Police Officer Bryan Burgess, and Police Officer John Doe (all eight, together, as "City Defendants"), as well as non-appearing Defendant Jose Rodriguez, for alleged violations of Plaintiff's First, Second, Fourth, Fifth, Sixth, and Eighth Amendment rights. We write, pursuant to Federal Rule of Civil Procedure ("FRCP") 45(d)(2)(B)(i), seeking an Order compelling Rodriguez to produce documents for inspection and copying that were requested in Plaintiff's subpoena *decus tecum* that Plaintiff served on Rodriguez on April 18, 2024. Pursuant to FRCP 37(a)(1), Plaintiff has made a good faith attempt to confer with Rodriguez to resolve these issues and was not able to do so.

By way of background, and as this Court well knows, on January 9, 2019, Plaintiff brought this action against Defendants the City of New York, Reznick, Spinella, Lawrence Byrne, Barreto, and Iqbal, for alleged violations of Plaintiff's First, Second, and Fourth Amendment rights. *See* ECF No. 1. On April 24, 2023, Plaintiff filed his Amended Complaint (ECF No. 59) against those same Defendants, as well as Detective Butler, Police Officer Burgess, Police Officer John Doe, and Rodriguez for, *inter alia*, the same violations, as well as alleged violations of Plaintiff's Fifth and Sixth Amendment rights by Defendant Rodriguez on a civil conspiracy theory claim. On June 7, 2023, Plaintiff filed his Second Amended Complaint (ECF No. 66) alleging the same, but no longer naming Defendant Byrne. All of the City Defendants Answered the Second Amended

Complaint on September 13, 2023. *See* ECF No. 82. On October 30, 2023, Plaintiff filed his request that the Clerk of the Court's issue a certificate of default against Rodriguez (ECF No. 50), as Plaintiff had properly served Rodriguez with his Second Amended Complaint and Rodriguez's time to interpose an answer or otherwise move or even appear with respect to Plaintiff's Second Amended Complaint had expired (nor had he appeared in response to the First Amended Complaint either). On November 6, 2023, the Clerk of the Court filed the Certificate of Default with respect to Rodriguez. *See* ECF No. 86.

On April 11, 2024, Plaintiff prepared a subpoena *decus tecum* requiring that Rodriguez produce documents and electronically stored information on May 23, 2024, at 10:30 a.m., at Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Suite 205, Garden City, New York 11530, to permit inspection and copying. *See* **Exhibit A**, Plaintiff's Subpoena to Rodriguez. That same day, Plaintiff sent his Notice of Subpoena to City Defendants. *See* **Exhibit B**, Plaintiff's Notice of Subpoena. On April 18, 2024, Plaintiff properly served his subpoena by personal service on Genevieve Rodriguez, who is Rodriguez's daughter, and a person of suitable age and discretion, at Rodriguez's home address, 3 Ferndale Avenue, Staten Island, New York, and by mailing a copy of the same to Rodriguez on April 19, 2024. *See* **Exhibit C**, Affidavit of Service. On May 21, 2024, the undersigned counsel for Plaintiff returned a missed call from an individual purporting to be Rodriguez's wife, who stated that Rodriguez had received the subpoena and inquired whether a court appearance was required. In response, the undersigned explained that the subpoena required the production of documents for inspection at the address listed on the subpoena, and offered to explain and/or answer any questions that Rodriguez may have concerning the same. By May 23, 2024, or at any time since, Rodriguez has failed to produce any documents in response to Plaintiff's subpoena.

FRCP 45 sets forth the process for a party to obtain information from parties and non-parties *via* subpoenas. *See* F.R.C.P. 45; *see also Blazek v. Cap. Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) (stating that a defaulting defendant was a non-party for discovery purposes under FRCP 45). This rule provides that a party may subpoena documents, electronically stored information, or tangible things in an individual's possession for inspection and copying. *See* F.R.C.P. 45(a)(1)(A)(iii). "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 2023 WL 1967575, at *4 (E.D.N.Y. Feb. 10, 2023). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Dinesh Verma Med.*, 2023 WL 1967575, at *4. When a non-party who is properly served with a subpoena fails to comply with the subpoena without adequate excuse and without seeking to quash the subpoena, a court may enter an order

compelling the non-party to comply with the subpoena and the non-party may be deemed in contempt for his/her failure to comply. *See* FRCP 45(d)(2)(B)(i). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili v. Hobart Corp.*, 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment).

Rodriguez is a non-answering Defendant in this action as opposed to a non-party, and thus is not necessarily subject Rule 26(b)(1)'s overriding relevance requirement. However, were the Court to consider the relevance of Plaintiff's subpoena's requests, Plaintiff in this lawsuit alleges that Rodriguez engaged a civil conspiracy with Defendants Reznick and Butler to falsify information against Plaintiff with the intent of having Plaintiff wrongfully arrested, maliciously prosecuted, and to otherwise harass Plaintiff and have his firearms confiscated without any justifiable reason to do so. *See* ECF No. 66, ¶ 145. "To establish [his] claim of civil conspiracy, the [plaintiff] must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *ACR Sys., Inc. v. Woori Bank*, 2018 WL 1757019, at *6 (S.D.N.Y. Apr. 10, 2018). Thus, the documents and electronically stored information requested in Plaintiff's subpoena to Rodriguez, which are generally composed of requests for communications between Rodriguez and City Defendants and other documentation relevant to Rodriguez's harassment of Plaintiff, are all directly relevant to Plaintiff's claims in this matter. *See* Ex. A. Moreover, neither City Defendants nor Rodriguez have made any objection to Plaintiff's subpoena's specific requests – Rodriguez has just willfully refused to comply with it.[1] *See Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.") (internal quotations and citations omitted).

Thus, we respectfully request that the Court issue an Order compelling Defendant Jose Rodriguez to immediately produce the documents and electronically stored information requested in Plaintiff's properly issued subpoena, with a stern warning that his failure to do so could result in him being held in contempt of this Court.

---

[1] Worse, while ignoring Plaintiff's subpoena, Rodriguez continues to stalk and harass Plaintiff by, *inter alia*, parking outside his residence and taking photos and videos of both Plaintiff and his wife, and by posting false defamatory remarks about both online. *See, e.g.*, Jose Rodriguez [@exposingbillynolan], *This is andrea shaggy ostacher* (TikTok May 23, 2024), https://rb.gy/vf7us9 (containing videos and photos that Rodriguez took of Plaintiff's domestic partner while stalking her); Jose Rodriguez [@exposingbillynolan], *Exposing Billy Nolan*, TikTok (May 28, 2024), https://www.tiktok.com/@exposingbillynolan (containing dozens of videos that Rodriguez has made concerning Plaintiff, many using videos Rodriguez recorded while stalking Plaintiff, which depict or contain false and defamatory statements).

3

We thank the Court for its attention to this matter.

                                                                             Respectfully submitted,

                                                                             Andrew C. Weiss, Esq.
                                                                               *For the Firm*

To:    All counsel of record (*via ECF*)

       <u>*Via First Class Mail*</u>
       Jose Rodriguez
       *Non-answering Defendant*
       3 Ferndale Avenue
       Staten Island, New York 10314

## **CERTIFICATE OF SERVICE**

      I, Andrew C. Weiss, hereby certify that on this date, May 29, 2024, a true and correct copy of the foregoing *Plaintiff's Letter Motion dated May 29, 2024*, and all attached exhibits, were served *via* First Class Mail upon the following:

Jose Rodriguez
3 Ferndale Avenue
Staten Island, New York 10314

                                                    Andrew C. Weiss, Esq.