# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| WILLIAM R. NOLAN | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-cv-00187-RPK-ST |
| THE CITY OF NEW YORK, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jose Rodriguez

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: You are to comply with this subpoena pursuant to the terms set forth in the document attached hereto as Attachment A.

| Place: Borrelli & Associates, P.L.L.C.<br>910 Franklin Avenue, Suite 205<br>Garden City, New York 11530 | Date and Time:<br>05/23/2024 10:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/11/2024

*CLERK OF COURT*

OR

_____          _____/s/ A. C. W._____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff** William R. Nolan , who issues or requests this subpoena, are:

Andrew C. Weiss, Esq., 910 Franklin Avenue, Suite 205, Garden City, New York, 11530, acw@employmentlawyernewyork.com, 516-248-5550

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-cv-00187-RPK-ST

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

WILLIAM R. NOLAN,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK, and
JOSEPH REZNICK, and
RAYMOND SPINELLA, and
MICHAEL BARRETO, and
ASIF IQBAL, and POLICE DETECTIVE JAMES
BUTLER, and POLICE OFFICER BRYAN BURGESS,
and POLICE OFFICER JOHN DOE, all in their
individual and official capacities, and JOSE
RODRIGUEZ, individually,

                         Defendants.

------------------------------------------------------------------X

Case No.: 19-cv-00187-RPK-ST

**SUBPOENA DECUS TECUM**

To:    Jose Rodriguez
         3 Ferndale Avenue
         Staten Island, New York 10314

**YOU ARE HEREBY COMMANDED TO PRODUCE**, and permit inspection and copying of all documents and things in your possession, custody, or control that are listed in Exhibit A, attached hereto, to the offices of Borrelli & Associates, P.L.L.C., located at 910 Franklin Avenue, Suite 205, Garden City, New York 11530, by delivery, either personally or by Certified Mail, Return Receipt Requested, addressed to the attention of Andrew C. Weiss, Esq. by May 23, 2024 at 10:30 a.m.

1

## EXHIBIT A

### INSTRUCTIONS FOR ANSWERING

A. You are required to obtain and furnish all information available to you and any of your representatives, agents, or servants, and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, agents, or servants.

B. Each request should be responded to separately. However, a document that is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

C. Electronic Discovery - With respect to all emails responsive to Plaintiff's document requests, they should be produced with .msg or .pst file extensions, preferably .msg.

With respect to all printed emails responsive to Plaintiff's document requests, they should be printed with a full header.

With respect to those documents responsive to Plaintiff's document requests that are saved as a .pdf file, they should be produced in that format, not as a scanned copy of the saved .pdf.

With respect to those documents responsive to Plaintiff's document requests, they should be produced in native electronic format with all metadata retained / intact for production, which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .ppt, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif, and/or .slk

With respect to any documents that have been scanned, describe when they were scanned and who directed them to be scanned and produce them in their original scanned format, which could include any of the following formats: .jpg, .jpeg, .tif, .tiff, .pict, and/or .pdf.

Without intending to be exhaustive, your search for documents responsive to Plaintiff's requests should include a search of your files and records during the Relevant Period as that term is defined below. Additionally, the desktop computers, laptops, phones, pdas, and all other electronic platforms of yours should be searched for responsive documents.

D. All documents produced in response to these requests shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

E. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

F. With respect to any document requested that was once in your possession, custody, or control, but no longer is, please indicate the date the document ceased to be in your possession, custody, or control, the manner in which it ceased to be in your possession, custody, and control and the name and address of its present custodian.

G. Unless otherwise indicated, each request is to be construed as encompassing all documents that pertain to the stated subject matter and to events that transpired from November 20, 2017 to the present.

**DEFINITIONS**

A. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

B. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all response(s) that might otherwise be construed to be outside of its scope.

C. The terms "You," and "Your," and "Yourself," as used herein, shall mean and refer to Jose Rodriguez.

D. The term "City Defendants," as used herein, shall mean Defendants Joseph Reznick, and Raymond Spinella, and Michael Barreto, and Asif Iqbal, and Police Detective James Butler, and Police Officer Bryan Burgess, as well as the City of New York, along with its agencies, departments, affiliates, divisions or other entities, including but not limited to the New York City Police Department ("NYPD"), and the New York City Police Department Licensing Division. Plaintiff's document requests referring to the City Defendants seeks documents pertaining to any of the individuals or entities composing the group.

E. The use of the singular shall include the plural and vice versa and the masculine form of any word includes the feminine and vice versa.

F. The term "Concerning," as used herein, shall mean relating to, referring to, describing, evidencing, or constituting.

G. The term "Relating to," as used herein, shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

H. The term "Communication," as used herein, shall mean the transmittal of information, in the

3

form of facts, ideas, inquiries or otherwise, and all documents related thereto, as defined below.

I. The term "Document" or "Documents" or "Documentation" as used herein, shall include the original and any copy of all written, printed, typed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as discs or hard drives), computer generated electronic mail ("e-mail"), text messages, photographs, videos, and recordings in your possession, custody, or control. It includes without limitation: letters, memoranda, (whether of visits, telephone calls or otherwise), appointment calendars, schedules, books, indices, printed forms (whether official or unofficial), publication, press releases, notices, brochures, pamphlets, guidelines, manuals, instructions, minutes, complaint reports, complaint follow up reports, 911 calls, text messages, transcripts of court proceedings, summaries, abstracts, reports, files, file jackets, notes, transcripts, data processing cards, computer tapes, printouts, information contained in, on, or retrievable from computer hard drives, information contained in, on, or retrievable from computer electronic mail systems ("e-mail" systems), bulletins, written questions and answers, charts, exhibits, blueprints, drawings, diagrams, graphs, tables, photographs, recordings, speeches, telegrams, cables, telex messages, microfilm, opinions, studies, papers, analyses, evaluations, proposals, invoices, financial statements, contracts, specifications, applications, motions, petitions, complaints, answers, responses, replies, protests, verified statements, transcripts, attachments, filings, submissions, and pleadings. The term "document" or "documents" also shall include each copy that is not identical to the original and any preliminary drafts of any document or working papers related thereto.

J. The term "Person" or "Persons," as used herein, shall include any natural person, or any business, legal, or governmental entity or association.

K. The term "Each," as used herein, shall be construed to mean "All," and the term "All," as used herein, shall be construed to mean "Each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

L. The terms "Plaintiff" as used herein, means William R. Nolan.

**TIME PERIOD**: Unless otherwise indicated, and for purposes of these requests alone, each request is limited to the "Relevant Period" of November 20, 2017 to the present.

    (a) Produce your driver's license.
    (b) Produce all documents of communications between you and Plaintiff.
    (c) Produce all documents relating to communications between you and Plaintiff.

4

(d) Produce all documents of communications between you and City Defendants concerning Plaintiff.

(e) Produce all documents relating to communications between you and City Defendants concerning Plaintiff.

(f) Produce all documents of posts you have made online concerning either Plaintiff or City Defendants.

(g) Produce all documents of correspondence between you and any person, relating to Plaintiff.

(h) Produce any and all photographs, videos, and audio recordings that depict Plaintiff and/or City Defendants.

(i) Produce all documents concerning or relating to, Plaintiff's firearms or his firearms license.

(j) Produce all documents of phone records, text messages, and emails sent from you to Plaintiff.

(k) Produce any documents submitted by you to City Defendants relating to Plaintiff.

Failure to comply with this subpoena may be punished as a contempt of court and subject you to a penalty and damages caused by the failure to comply as fixed by law. Should you have any questions about this subpoena or the requested documents, you may contact the undersigned counsel for William R. Nolan should you so choose.

Dated: April 11, 2024
Garden City, New York

                              Respectfully,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              910 Franklin Avenue Suite 205
                              Garden City, New York 11530
                              Tel.:   (516) 248-5550

                              _____
                              ANDREW C. WEISS, ESQ.