

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **NICHOLAS R. CIAPPETTA**<br>Phone: (212) 356-4036<br>Fax: (212) 356-2019<br>nciappet@law.nyc.gov |

June 21, 2024

**BY ECF**
Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: William R. Nolan v. City of New York, et. al.
19-CV-00187 (RPK)(ST)

Dear Judge Tiscione:

I am an attorney in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York. I submit this joint letter on behalf of the City of New York, (Ret.) Chief Joseph Reznick, (Ret.) Chief Raymond Spinella, Inspector Michael Barreto, Captain Asif Iqbal, (Ret.) Detective James Butler, and Police Officer Bryan Burgess (collectively "City Defendants"), and the Plaintiff, to seek a four ("4") month extension of the time within which to conduct discovery. This is the first such request by the parties.

Plaintiff names six current or former police officers with the New York City Police Department ("NYPD") as defendants in their official and individual capacities and the Second Amended Complaint contains eleven ("11") causes of action stemming from an alleged series of incidents beginning in 2017. Specifically, Plaintiff alleges that his complaints to the NYPD regarding the alleged harassing conduct of Defendant Jose Rodriguez went unanswered and that the NYPD engaged in a number of retaliatory actions against Plaintiff, including suspension of his handgun license, confiscation of said license and associated handguns, and arrests on December 20, 2018 and January 14, 2020.

Discovery has proceeded since the City Defendants filed their Answer to the Second Amended Complaint on September 13, 2023, including the exchange of document demands and interrogatories. Given the number of incidents in the Second Amended Complaint, the scope of discovery is extensive. The City is conducting electronic and paper discovery that involves the collection of documents from a number of custodians across multiple City agencies and multiple bureaus of the NYPD. Moreover, with respect to electronic discovery, the parties only recently finalized the collection and search protocol.

As such, there is substantial critical discovery that must be conducted by both parties to adequately develop their claims and defenses, which includes document productions and multiple depositions. That discovery cannot be completed within the deadlines set forth in the existing Discovery Plan that was approved on September 28, 2023, and extra time is needed. See Docket Entry Number 84. Specifically, the parties seek a four ("4") month extension of fact discovery from June 28, 2024 to October 28, 2024, a corresponding extension of time to complete expert discovery from August 26, 2024 to December 26, 2024, and a likewise extensive of all other dates in the aforementioned discovery schedule by four ("4") months.

Thank you in advance for your consideration of this matter.

Respectfully,

/s/

Nicholas R. Ciappetta
Assistant Corporation Counsel