UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM R. NOLAN,<br><br>                    Plaintiff,<br><br>     -against-<br><br>THE CITY OF NEW YORK, and<br>JOSEPH REZNICK, and<br>RAYMOND SPINELLA, and<br>MICHAEL BARRETO, and<br>ASIF IQBAL, and POLICE DETECTIVE JAMES BUTLER, and POLICE OFFICER BRYAN BURGESS, and POLICE OFFICER JOHN DOE, all in their individual and official capacities, and JOSE RODRIGUEZ, individually,<br><br>                    Defendants. | Case No.: 19-cv-00187 (RPK) (ST) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW
<u>CAUSE TO FIND JOSE RODRIGUEZ IN CONTEMPT</u>**

Andrew C. Weiss, Esq.
Alexander T. Coleman, Esq.
Michael J. Borrelli, Esq.
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
*Attorneys for Plaintiff*

**PRELIMINARY STATEMENT**

In this action brought against Defendants the City of New York, Joseph Reznick, Raymond Spinella, Michael Barreto, Asif Iqbal, Detective James Butler, Police Officer Bryan Burgess, and Police Officer John Doe (all eight, together, as "City Defendants"), as well as non-appearing Defendant Jose Rodriguez, for alleged violations of Plaintiff's First, Second, Fourth, Fifth, Sixth, and Eighth Amendment rights, pursuant to this Court's May 30, 2024 Order (ECF 91), Rodriguez was "ordered to produce all documents in his possession or custody & control in compliance with the subpoena *ducus tecum* that was served on Rodriguez on April 18, 2024." Moreover, the Court "expressly warned [Rodriguez] that failure to produce the requested documents by July 1, 2024 may result in a finding of contempt and appropriate sanctions." ECF 91. Neither by July 1, 2024, nor any time since, has Rodriguez complied with the Court's Order, as Rodriguez has entirely failed to produce any documents or otherwise respond in any substantive way to Plaintiff's subpoena *ducus tecum*. Thus, Plaintiff now moves for the Court to impose contempt sanctions on Rodriguez.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

The relevant facts and procedural history underlying this application can be found in the Declaration of Andrew C. Weiss ("Weiss Decl."), filed contemporaneously herewith, and in Plaintiff's prior motion to compel, filed on May 29, 2024. ECF 90.

**ARGUMENT**

    **I.**    **Rodriguez Is In Contempt**

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Here, the Court

2

should find Rodriguez in contempt and impose sanctions if: (a) the order at issue is clear and unambiguous; (b) proof of non-compliance is clear and convincing; and (c) Rodriguez has not been reasonably diligent in complying with the order. *See EEOC v. Local 638*, 753 F.2d 1172, 1178 (2d Cir. 1985).

First, the Court's initial May 30, 2024 Order could not be clearer. The Court ordered Rodriguez, by July 1, 2024, "to produce all documents in his possession or custody & control in compliance with the subpoena *ducus tecum* that was served on Rodriguez on April 18, 2024." ECF 91.

Second, Rodriguez has clearly and convincingly not complied with the Court's May 30, 2024 Order, as he has failed to produce any documents responsive to Plaintiff's subpoena *decus tecum*, nor has provided any sort of substantive response. *See* Weiss Decl. at ¶¶ 4-5.

Third, Rodriguez has clearly not been reasonably diligent in complying with the Court's Order. Plaintiff served Rodriguez with a copy of the Court's Order on May 31, 2024 (ECF 92), and Rodriguez has done absolutely nothing to attempt to comply with it. Moreover, despite Plaintiff counsel's July 22, 2024 emails sent in good faith, Rodriguez has still not produced the required documentation nor indicated that he has any intention of doing so. *See* Weiss Decl. at ¶ 6; Weiss Decl., Ex. A.

## II. <u>The Court Should Hold Rodriguez in Contempt</u>

Civil contempt sanctions serve the dual purposes of coercing future compliance and of remedying past non-compliance. *See Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979). While the Court has broad discretion in crafting an appropriate remedy, it must impose sanctions on a showing that the contemptuous conduct has caused harm to the plaintiff. *See Manhattan Indus., Inc. v. Sweater Bee*

3

*by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989); *Vuitton*, 592 F.2d at 130. A court may award attorneys' fees to the plaintiff where the contemnor's violation of the order has been willful. *See Weitzman*, 98 F.3d at 719; *Vuitton*, 592 F.2d at 130 ("Since the plaintiff should be made whole for the harm he has suffered, it is appropriate for the court also to award the reasonable costs of prosecuting the contempt, including attorney's fees, if the violation of the decree is found to have been willful.").

As compensation to Plaintiff and to coerce compliance, Plaintiff requests that the Court require that Rodriguez pay Plaintiff's reasonable attorneys' fees and costs associated with all of Plaintiff's counsel's efforts to obtain a response to the April 18, 2024 subpoena, including, but not limited to, Plaintiff's efforts concerning the instant motion, and any future application for attorneys' fees and costs, should it be granted. Indeed, Rodriguez's violation of the Court's Order is willful as evidenced by his failure to respond to Plaintiff's subpoena by July 1, 2024, and again on July 22, 2024, when Plaintiff's counsel attempted to remediate the issue despite Rodriguez already being past the Court's deadline, to which Rodriguez responded by making various allegations about Plaintiff and refusing to address the issue of compliance with Plaintiff's subpoena. *See* Weiss Decl. at ¶ 6; Weiss Decl., Ex. A.

**CONCLUSION**

For the reasons set forth above and in the accompanying Declaration, Plaintiff respectfully submits that an Order finding Rodriguez in contempt, sanctioning Rodriguez, and issuing Rodriguez a stern warning that his continued failure to produce all documents requested in Plaintiff's subpoena could result in him being held in further contempt of this Court, and incurring additional sanctions, including imprisonment until he complies, is appropriate.

Dated: Garden City, New York
       July 24, 2024

                                      Respectfully submitted,

                                      BORRELLI & ASSOCIATES, P.L.L.C.
                                      *Attorneys for Plaintiff*
                                      910 Franklin Avenue, Suite 205
                                      Garden City, New York 11530
                                      Tel.    (516) 248–5550
                                      Fax.   (516) 248–6027

By: _____
      ANDREW C. WEISS, ESQ. (5560537)
      ALEXANDER T. COLEMAN, ESQ. (AC 8151)
      MICHAEL J. BORRELLI, ESQ. (MB 8533)