UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM R. NOLAN,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                              Defendants.

REPORT AND RECOMMENDATION

19-CV-00187-RPK-ST

**TISCIONE, United States Magistrate Judge:**

On May 21, 2025, William R. Nolan ("Plaintiff") filed a Letter Motion for Contempt against Defendant Jose Rodriguez ("Defendant"), to which the Court granted on July 11, 2025, due to Defendant's repeated failure to comply with Court Orders and Plaintiff's subpoena requests. In that Minute Order, the Court noted that in "light of Defendant Rodriguez's continued failure to comply with the subpoena and subsequent Court Orders, the Court orders Defendant Rodriguez to pay all reasonable expenses, including attorney's fees, that Plaintiff expended and continues to expend attempting to secure Rodriguez's compliance. Continued failure to comply will also result in a finding of contempt and additional monetary sanctions." July 11, 2025, Order, ECF No. 113.

Defendant Rodriguez failed to comply, and on November 3, 2025, this Court again issued a Minute Order directing Defendant Rodriguez to "pay Plaintiff's counsel the sum of $7,187.38 and fully comply with the subpoena issued on April 18, 2024 no later than November 30, 2025. Continued noncompliance will result in this Court recommending that the District Judge find Defendant Rodriguez in contempt and order his arrest and incarceration until such time as he complies with the Court's Orders." ECF No. 117.[1]

---

[1] Notably, although Rodriguez is a named Defendant in this matter and was lawfully served, he defaulted and has never appeared. Thus, Plaintiff has been forced to resort to subpoenas to obtain discoverable information from Rodriguez instead of less onerous discovery devices available to active parties.

1

As of the present date, Defendant Rodriguez has not complied with this Court's Orders and Plaintiff's subpoena, leading this Court to recommend that the District Judge hold Defendant in contempt of court. It is well established that a "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (citing 18 U.S.C. § 401, 401(3)); Ahamed v. 563 Manhattan Inc., No. 19-CV-6388 (EK) (CLP), 2023 WL 4986364, at *4 (E.D.N.Y. July 6, 2023), report and recommendation adopted in part, 2023 WL 6283280 (E.D.N.Y. Sept. 26, 2023) ("It is well-settled that federal courts have inherent power to punish contempt."). "To demonstrate [contempt], 'a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 (2d Cir. 2014) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003)).

In the instant matter, Defendant Rodriguez failed to comply with this Court's July 11, 2025, and November 3, 2025, Orders, which both clearly and unambiguously mandated Defendant Rodriguez to answer Plaintiff's subpoena and to pay all reasonable fees Plaintiff expended in attempting to secure Defendant's compliance. *See* July 11, 2025, Order; *see also* November 3, 2025, Order. Secondly, Plaintiff provided sufficient proof in the form of communications with Defendant Rodriguez, in which Defendant not only failed to acknowledge such Orders, but appeared to sporadically respond to Plaintiff's counsel with mocking photographs and videos of Plaintiff. *See* Plaintiff's Reply in Support of Letter Motion at 1-2, ECF No. 120. Such odd responses from Defendant not only demonstrate that his noncompliance is clear and convincing,

but also showcase that Defendant Rodriguez has not diligently attempted to comply with the Court's orders and Plaintiff's subpoena in a reasonable manner. Defendant's only form of correspondence in response to Plaintiff's subpoena was a random series of videos of Plaintiff, several Facebook links, a closeup picture of Plaintiff's face, and an email containing the subject line "[t]his is Billy Nolan serial Staten Island harasser," accompanied with another Facebook link and the text: "this is who you represent. Over 100 victims and multiple arrest good luck." *Id*. Therefore, given Defendant Rodriguez's clear lack of compliance with this Court's orders and Plaintiff's subpoena, this Court respectfully recommends to the District Judge that Plaintiff's Letter Motion for Sanctions be granted and that Defendant Rodriguez be incarcerated until such time as he purges his contempt by complying with the Court's Orders and Plaintiff's subpoena. Plaintiff's December 2, 2025, Letter Motion, ECF 119; November 3, 2025, Order, ECF No. 117.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
_____

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
December 17, 2025