UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM R. NOLAN,

                                    Plaintiff,

-against-                             **REPORT AND RECOMMENDATION**

THE CITY OF NEW YORK, *et al.*,          **19-CV-00187-RPK-ST**

                                    Defendants.

**TISCIONE, United States Magistrate Judge:**

On May 21, 2025, William R. Nolan ("Plaintiff") filed a Letter Motion for Contempt against Defendant Jose Rodriguez ("Defendant"), to which the Court granted on July 11, 2025, due to Defendant's repeated failure to comply with Court Orders and Plaintiff's subpoena requests. In that Minute Order, the Court noted that in "light of Defendant Rodriguez's continued failure to comply with the subpoena and subsequent Court Orders, the Court orders Defendant Rodriguez to pay all reasonable expenses, including attorney's fees, that Plaintiff expended and continues to expend attempting to secure Rodriguez's compliance. Continued failure to comply will also result in a finding of contempt and additional monetary sanctions." July 11, 2025, Order, ECF No. 113.

Defendant Rodriguez failed to comply, and on November 3, 2025, this Court again issued a Minute Order directing Defendant Rodriguez to "pay Plaintiff's counsel the sum of $7,187.38 and fully comply with the subpoena issued on April 18, 2024, no later than November 30, 2025." Defendant Rodiguez failed to comply and on December 17, 2025, this Court issued a Report and Recommendation, recommending that the District Judge find Defendant Rodriguez in contempt and order his arrest and incarceration until such time as he complies with the Court's Orders. ECF No. 121.[1] The District Judge adopted this Court's Report and Recommendation in part and ordered

---

[1] Notably, although Rodriguez is a named Defendant in this matter and was lawfully served, he defaulted and has never appeared. Thus, Plaintiff has been forced to resort to subpoenas to

1

Defendant Rodriguez to "to show cause in person as to why he should not be found in contempt for failing to comply with this Court's orders and plaintiff's subpoena." January 6, 2026, Order. That Order advised Defendant Rodriguez that "if he does not personally appear on February 10, 2026, the Court is likely to impose sanctions, including but not limited to an order of contempt, monetary fines, and an arrest warrant." *Id.* The show cause hearing was conducted on February 10, 2026, in Courtroom 910 at the Central Islip Courthouse. Defendant Rodriguez failed to appear.

As of the present date, Defendant Rodriguez has not complied with the Courts' orders and Plaintiff's subpoena, leading this Court to recommend that the District Judge hold Defendant in contempt of court. It is well established that a "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (citing 18 U.S.C. § 401, 401(3)); Ahamed v. 563 Manhattan Inc., No. 19-CV-6388 (EK) (CLP), 2023 WL 4986364, at *4 (E.D.N.Y. July 6, 2023), report and recommendation adopted in part, 2023 WL 6283280 (E.D.N.Y. Sept. 26, 2023) ("It is well-settled that federal courts have inherent power to punish contempt."). "To demonstrate [contempt], 'a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.' " *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 (2d Cir. 2014) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003)).

---

obtain discoverable information from Rodriguez instead of less onerous discovery devices available to active parties.

In the instant matter, Defendant Rodriguez failed to comply with this Court's July 11, 2025, and November 3, 2025, Orders, which both clearly and unambiguously mandated Defendant Rodriguez to answer Plaintiff's subpoena and to pay all reasonable fees Plaintiff expended in attempting to secure Defendant's compliance. *See* July 11, 2025, Order; *see also* November 3, 2025, Order. Defendant also failed to comply with the District Judge's January 6, 2026, Order mandating that he appear in person before this Court to show cause as to why he should not be held in contempt. *See* January 6, 2026, Order. Defendant failed to appear despite the District Judge noting that if Defendant Rodriguez "does not personally appear on February 10, 2026, the Court is likely to impose sanctions, including but not limited to an order of contempt, monetary fines, and an arrest warrant." *Id.*

Therefore, given Defendant Rodriguez's clear lack of compliance with the Courts' orders and Plaintiff's subpoena, this Court respectfully recommends to the District Judge that an arrest warrant be issued against Defendant Rodriguez and that Defendant Rodriguez be incarcerated until such time as he purges his contempt by complying with the Courts' Orders and Plaintiff's subpoena.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 12, 2026