UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

WILLIAM R. NOLAN,

               Plaintiff,

       v.

THE CITY OF NEW YORK, *et al.*,

               Defendants.

------------------------------------------------------x

**ORDER ADOPTING REPORT &
RECOMMENDATION**
19-CV-187 (RPK) (ST)

RACHEL P. KOVNER, United States District Judge:

On February 12, 2026, Magistrate Judge Tiscione issued a report and recommendation ("R&R") recommending that, "given Defendant Rodriguez's clear lack of compliance with" its orders and plaintiff's subpoena, this Court find defendant Jose Rodriguez in contempt. R&R 3 (Dkt. #125). Judge Tiscione also recommended that I issue an arrest warrant against Rodriguez and that Rodriguez be incarcerated until such time as he purges his contempt by complying with the Court's orders and plaintiff's subpoena. *Ibid*. No objections to the R&R were filed. The R&R is therefore reviewed, at most, for clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983); *e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Before acting on Judge Tiscione's recommendation, I directed Rodriguez to show cause why I should not issue a warrant as recommended by Judge Tiscione, and directed Rodriguez to appear at a hearing regarding the report. *See* June 4, 2026 Order to Show Cause. Rodriguez did not respond or appear as directed. Having reviewed Judge Tiscione's R&R and found no clear error, I now adopt it in full.

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. §§ 401, 401(3). "To demonstrate contempt, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 (2d Cir. 2014) (brackets adopted and internal quotation marks omitted)). An order is "clear and unambiguous" if it "leaves no uncertainty in the minds of those to whom the order is addressed." *Gucci*, 768 F.3d at 142–43 (brackets adopted and citation omitted).

"Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act." *Friedman v. Self Help Cmty. Servs., Inc.*, No. 11-cv-3210 (NGG) (JO), 2018 WL 4954109, at *2 (E.D.N.Y. Oct. 12, 2018) (quoting *Bank of Credit & Com. Int'l (Overseas) Ltd. v. Tamraz*, No. 97-cv-4759 (SHS), 2006 WL 1643202, at *3 (S.D.N.Y. June 13, 2006)). Before a court may "imprison a contemnor to compel compliance with the court's orders, the court must find that the contemnor's disobedience [was] willful." *Ibid.*; *see Armstrong v. Guccione*, 470 F.3d 89, 101 (2d Cir. 2006) (contemnor may "secure his freedom" if he shows that there was "no willful disobedience but only an incapacity to comply" (citation omitted)).

Judge Tiscione did not clearly err in determining that plaintiff carried his burden to demonstrate Rodriguez's contempt.

*First*, Rodriguez failed to comply with "clear and unambiguous" orders. *Next Invs.*, 12 F.4th at 128. On July 11, 2025, Judge Tiscione ordered Rodriguez to "pay all reasonable expenses,

including attorney's fees, that Plaintiff expended and continues to expend attempting to secure Rodriguez's compliance" with a subpoena. July 11, 2025 Order. Four months later, on November 3, 2025, Judge Tiscione ordered Rodriguez to "pay Plaintiff's counsel the sum of $7,187.38 and fully comply with the subpoena issued on April 18, 2024." Nov. 3, 2025 Order. These orders are sufficiently clear and unambiguous because "the parties can ascertain from the four corners of the order precisely what" is required. *Gucci*, 768 F.3d at 143 (internal quotation marks and citation omitted). There is no potential ambiguity in either order, so they can "form the basis for contempt." *Ibid.*

*Second*, there is clear and convincing evidence that Rodriguez failed to comply and that his failure was willful. Rodriguez has neither complied with plaintiff's subpoena from April 2024 nor paid the $7,187.38 in attorney fees associated with plaintiff's counsel's attempt to secure compliance with that subpoena. Instead, Rodriguez appeared to mock plaintiff in response to counsel's attempts to secure compliance. *See* Reply in Support of Sanctions Mot. Ex B (Dkt. #120-2). Rodriguez repeatedly sent plaintiff's counsel unflattering references to plaintiff. *Id.* at 1–7. He also sent plaintiff's counsel an email with the subject "This is Billy Nolan [plaintiff] serial Staten Island harasser." *Id.* at 4. Rodriguez added a link to a Facebook post and said "this is who you represent. Over 100 victims and multiple arrest good luck." *Ibid.* Around two weeks later, plaintiff's counsel again emailed Rodriguez requesting "compliance with" Judge Tiscione's orders. *See* Reply in Support of Sanctions Mot. Ex C at 2 (Dkt. #120-3). Rodriguez responded by sending a large photo of plaintiff's face. *Id.* at 1. These emails make clear that Rodriguez is choosing not to comply with court orders.

*Third*, and finally, Rodriguez "has not diligently attempted to comply in a reasonable manner." *Next Invs.*, 12 F.4th at 128 (citation omitted). As described above, Rodriguez has made

no attempt to comply with Judge Tiscione's orders, nor has he attempted to comply with my orders that he file a response and appear in person to address Judge Tiscione's report and recommendation. In sum, Rodriguez has not "diligently" attempted to comply with any court orders "in a reasonable manner." *Ibid*. (citation omitted).

The Court accordingly finds Rodriguez in contempt.

Civil contempt sanctions must be "remedial and compensatory, and not punitive." *Sunbeam Corp. v. Golden Rule Appliance Co.*, 252 F.2d 467, 469 (2d Cir. 1958). District courts have "broad discretion to design a remedy that will bring about compliance" with their orders. *Perfect Fit Indus. v. Acme Quilting Co.,* 673 F.2d 53, 57 (2d Cir. 1982). In exercising this discretion, courts consider (1) "the character and magnitude of the harm threatened by continued contumacy"; (2) "the probable effectiveness of any suggested sanction in bringing about compliance"; and (3) "the amount of the contemnor's financial resources and the consequent seriousness of the burden to him." *Ibid.* (citation and brackets omitted). "Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act." *Tamraz*, 2006 WL 1643202, at \*3. And "imprisonment is an appropriate sanction for contempt of a court order directing an individual to make a particular payment." *Spectacular Venture, L.P. v. World Star Int'l, Inc.*, 927 F. Supp. 683, 685 (S.D.N.Y. 1996).

The character and magnitude of Rodriguez's harm is substantial, because Rodriguez's intransigence is impeding plaintiff's ability to obtain evidence to which plaintiff is entitled in this civil lawsuit. Plaintiff's subpoena has now been pending for over two years without response.

Rodriguez's "pattern of behavior reflects a contempt for the legal process," suggesting that anything short of an arrest warrant will be ineffective in securing his compliance with court orders.

*Philip Morris USA Inc. v. Los Corazones Deli Grocery Inc.*, No. 09-cv-9608 (RJS), 2014 WL 4363836, at *3 (S.D.N.Y. Sept. 3, 2014). "Financial sanctions have proven insufficient to coerce" Rodriguez's compliance with court orders, *see Tamraz*, 2006 WL 1643202, at *5, as Judge Tiscione first ordered Rodriguez to pay plaintiff's counsel a reasonable attorney fee over a year ago, *see* July 11, 2025 Order. Rodriguez never acknowledged that order—or any of the other orders that this Court and Judge Tiscione have entered since that time. Rodriguez has also ignored several warnings that his failure to purge his contempt would result in his arrest. *See, e.g.*, Nov. 3, 2025 Order; Dec. 17, 2025 R&R (Dkt. #121); Jan. 6, 2026 Order; Feb. 12, 2026 R&R (Dkt. #125); June 4, 2026 Order to Show Cause. Judge Tiscione thus did not clearly err in determining that issuing a warrant for Rodriguez's arrest is the only way to bring him into compliance with the Court's orders.

Further, Rodriguez "has not met his burden of proving that he is unable to pay any portion of" the sanction levied against him. *Friedman*, 2018 WL 4954109, at *3; *see Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) ("alleged contemnor bears the burden of producing evidence of his inability to comply"); *Perfect Fit*, 673 F.2d at 57. Because Rodriguez has "offer[ed] no evidence as to his ability to comply . . . he has not met his burden." *Huber*, 51 F.3d at 10 (citation omitted).

Finally, as outlined above, Rodriguez's disobedience has been willful. *See Armstrong*, 470 F.3d at 101. "Contempt is willful where the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *E.E.O.C. v. Loc. 638, Loc. 28 of Sheet Metal Workers' Int'l Ass'n*, 889 F. Supp. 642, 670–71 (S.D.N.Y. 1995), *aff'd in part, vacated in part, rev'd in part on other grounds*, 81 F.3d 1162 (2d Cir. 1996). Rodriguez was given notice—many times—of this Court's and Judge

Tiscione's orders.  *See, e.g.*, Nov. 3, 2025 Order; Dec. 17, 2025 R&R; Jan. 6, 2026 Order; Feb. 12, 2026 R&R; June 4, 2026 Order to Show Cause.  He has not given any reason why he could not comply with those orders.  He has never sought to have any order modified.  And he has not made a good faith effort to comply.

*     *     *

For the above reasons, this Court adopts Judge Tiscione's Report & Recommendation in full.  Plaintiff's motion for contempt is granted.  This Court finds that imprisonment is an appropriate coercive sanction to compel Rodriguez's compliance with Judge Tiscione's orders and plaintiff's subpoena.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: June 17, 2026
          Brooklyn, New York